**Consuelo GARCIA, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.**

No. 03–16550.

United States Court of Appeals,
Ninth Circuit.

Submitted May 27, 2004.*

Decided Nov. 19, 2004.

James Hunt Miller, Esq., Oakland, CA, Alex G. Tse, USSF–Office of the U.S. Attorney, San Francisco, CA, for Defendant–Appellee.

Angelina Valle, Esq., San Jose, CA, for Plaintiff–Appellant.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

## MEMORANDUM **

Consuelo Garcia appeals from the district court's order affirming the Commissioner's decision that she was not eligible for disability benefits. We review the district court order de novo and will affirm the Commissioner's eligibility decision if it is supported by substantial evidence. *See Connett v. Barnhart,* 340 F.3d 871, 873 (9th Cir.2003). The record before us contains such evidence, and we affirm.

The Appeals Council and the district court both considered all the medical records Garcia submitted, including those that were not before the ALJ. Garcia does not appeal the district court's finding that there was not good cause to remand to the ALJ. *See Mayes v. Massanari,* 276 F.3d 453, 462 (9th Cir.2001).

The evidence showed that an internal medicine specialist who reported Garcia's neck pain and recommended some limitations on her activity did not review x-rays

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

or make objective findings. Her chiropractor concluded that she could return to her usual work activity, and there is no evidence that her pancreatis affected her ability to do her job. As for her psychiatric limitations, Garcia reported depression to some doctors and not to others. A psychiatric medication did improve her mood although she stopped taking it. A neuropsychologist concluded that she did not suffer any organic brain injury and that although she was unlikely to be able to return to work immediately, she could ultimately. A clinical psychiatrist concluded that Garcia would profit from returning to productive work. A psychiatrist diagnosed dysthymia and doubted that Garcia could return to work because she was in a "passive dependent state suffering from chronic pain syndrome."

Reviewing the record, there is more than a mere scintilla to support the conclusion of the Commissioner that Garcia was not disabled. *See Connett,* 340 F.3d at 873 (substantial evidence is more than a mere scintilla but not necessarily a preponderance).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.