**Gordon STOUT, Plaintiff—Appellant,**

v.

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, Defendant— Appellee.**

No. 04–36006.

D.C. No. CV–03–06113–MFM.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2005.*

Decided July 25, 2006.

See, also, 454 F.3d 1050.

Alan Stuart Graf, Amy Van Horn, Kimberly K. Tucker, Law Office of Alan Stuart Graf, Portland, OR, Robert Baron, Cram, Harder, Wells & Baron, P.C., Eugene, OR, for Plaintiff–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Craig J. Casey, Office of the U.S. Attorney, Portland, OR, Lucille G. Meis, L. Jamala Edwards, Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before BROWNING, D.W. NELSON, and O'SCANNLAIN, Circuit Judges.

## MEMORANDUM**

Gordon Stout appeals the district court's affirmance of the Social Security Commissioner's denial of his applications for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI, respectively, of the Social Security Act. Stout contends the administrative law judge ("ALJ") failed to provide sufficient reasons for rejecting the opinions of his treating mental health care provider, Randy Olander, Ph.D, and examining psychologist, Judith Eckstein, Ph.D. We affirm on these issues.[1]

■ Because the consultative medical expert, Eric Morrell, Ph.D., provided a contradicting opinion, the ALJ needed only to provide "specific and legitimate" reasons supported by substantial record evidence to reject Dr. Olander's opinion. *See Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1995). We hold the ALJ did so here. As the ALJ noted, consistent with Dr. Morrell's assessment that Stout "would get better if he worked rather than worse," Stout's mental health treating records indicate his symptoms improved when he worked. *See Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir.2002) (explaining that a non-examining physician's opinion may "serve as substantial evidence when

the opinion[ ] [is] consistent with ... evidence in the record"). Also, Dr. Olander's opinion letter is devoid of any clinical findings or rationale to support his conclusion that Stout "could not last long at any job without decompensating to a level that would place his job and personal health at risk." *See id.* ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."). Moreover, Dr. Olander's counseling notes do not support his opinion. These notes, as the ALJ pointed out, show once-monthly visits that focused on how Stout's family dynamic, and not a work environment, affected his depression. As with Dr. Olander's opinion letter, his treatment notes do not, at any time, suggest how Stout's impairments affect his ability to work. *See Connett v. Barnhart,* 340 F.3d 871, 874–75 (9th Cir.2003) (affirming ALJ's rejection of physician's opinion as unsupported by physician's treatment notes). Finally, the ALJ properly granted Dr. Olander's opinion minimal weight because it was based on Stout's subjective complaints, which the ALJ found not fully credible—a finding Stout does not contest. *See Fair v. Bowen,* 885 F.2d 597, 605 (9th Cir.1989) (holding that ALJ's rejection of physician's opinion because it was based on claimant's subjective complaints, which the ALJ discounted, constituted a specific and legitimate reason).

■ Because Dr. Morrell's opinion also contradicts that of Dr. Eckstein, which was submitted via a four-page Medical Source Statement ("MSS"), the ALJ was only required to provide specific, legitimate reasons to reject Dr. Eckstein's opinion. *See Lester,* 81 F.3d at 830–31. We hold the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We reverse and remand on another issue in this case, which we discuss in a separate opinion filed concurrently with this memorandum disposition.

ALJ fulfilled this requirement. The unsigned, undated MSS contains no explanation for adjudging Stout unable to complete a workday three times per month. Instead, as the ALJ found in correctly granting it little or no probative weight, the MSS "is clearly designed to promote a finding of disability based on quickly made check marks, rather than to articulate any specific and personalized work related restrictions with a supporting rationale." *See Batson v. Comm'r Soc. Sec. Admin.,* 359 F.3d 1190, 1195 (9th Cir.2003) (affirming ALJ's rejection of contradicted medical opinion because it was conclusory, in checklist form and not supported by objective evidence).

**AFFIRMED** on the issues discussed in this memorandum disposition.