**Margo GABOR, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant–Appellee.**

No. 04–57136.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2007.[*]

Filed Feb. 22, 2007.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Irene Ruzin, Esq., Encino, CA, for Plaintiff–Appellant.

Liz Noteware, Esq., Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: PREGERSON, W. FLETCHER, and BERZON, Circuit Judges.

MEMORANDUM **

Plaintiff–Appellant Margo Gabor ("Gabor") appeals the district court's grant of summary judgment to the Commissioner

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of Social Security and decision affirming the denial of social security benefits. We review the district court's grant of summary judgment in favor of the Commissioner de novo. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir.2005). When the Administrative Law Judge's (ALJ) duty to develop the record is challenged, the district court's decision regarding the materiality of new evidence is also reviewed de novo. *Mayes v. Massanari,* 276 F.3d 453, 462 (9th Cir.2001).

Gabor argues on appeal that the ALJ's decision denying social security disability benefits was deficient for four reasons. Each argument fails.

■ First, Gabor argues that the ALJ erred by failing to include the mental limitations noted by four medical sources in her Residual Functional Capacity ("RFC") assessment. While the opinions of examining medical physicians such as Drs. Edleman and Moran are entitled to evidentiary weight, here the ALJ provided specific, legitimate reasons for rejecting those findings. *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir.2002). As demonstrated by testifying medical expert Dr. Cable, the opinions of Drs. Edleman and Moran were contradicted by other examining physicians. *See Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir.2005). Dr. Cable even provided a medical explanation for the inconsistent reports noted in Gabor's records. *Burch,* 400 F.3d at 679. The ALJ noted internal inconsistencies in Dr. Moran's report, which provide a further basis for excluding that medical opinion. *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir.2003). Any alleged error in failing to credit limitations assessed by Drs. Salib and Cable was harmless, because the Vocational Expert ("VE") testified that Gabor could perform work with the limitations suggested by their testimony. *See Burch,* 400 F.3d at 679. The

record "as a whole" thus provides substantial evidence to support the ALJ's mental impairment findings and does not warrant reversal. *Reddick v. Chater,* 157 F.3d 715, 720 (9th Cir.1998).

■ Second, Gabor argues that the ALJ erred by excluding from the RFC assessment Gabor's lifting, carrying, walking and standing physical restrictions based on her own reports. The record establishes that, even if error, excluding those restrictions was harmless because the VE testified that Gabor could work at the identified jobs with those limitations. *Burch,* 400 F.3d at 679. Regardless, as indicated below, the ALJ provided specific reasons for discrediting Gabor's testimony so reversal is not warranted. *Bunnell v. Sullivan,* 947 F.2d 341, 345–46 (9th Cir.1991) (en banc).

■ Third, Gabor argues that the ALJ erred by excluding from her RFC pain and fatigue limitations described in her testimony. The ALJ's finding that Gabor feigned symptoms was supported by the record because at least one physician's report provided "affirmative evidence" that Gabor was exaggerating her symptoms. *See Burch,* 400 F.3d at 680. In addition, substantial evidence supported the ALJ's specific findings that Gabor was not credible. *Id.* Gabor's psychology report, medical records, non-compliance with physician recommendations, and work history supported the ALJ's adverse credibility determination. *See Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir.1989); *Thomas,* 278 F.3d at 958–59.

■ Last, Gabor argues that remand is warranted because the ALJ failed to fully develop the record when he excluded from the administrative record documents received after the hearing. The ALJ added to the administrative record every document that Gabor's attorney marked as

"new," and retained the other documents in Gabor's file. In her subsequent letter to the ALJ, Gabor's attorney did not request additional time to examine the records, or object to the exclusion of any records. The ALJ's duty to develop the record was not triggered because the record was not ambiguous or undeveloped. *Mayes,* 276 F.3d at 459–60. Moreover, Gabor has not demonstrated prejudice so remand based on the ALJ's failure to develop the record is unwarranted. *Id.*

AFFIRMED.