**Carmen R. IRELAND, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE,\* Commissioner, Social Security Administration, Defendant—Appellee.**

**No. 05–35872.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2007.

Filed Nov. 26, 2007.

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

James S. Coon, Esq., Sharon Maynard, Swanson Thomas & Coon, Portland, OR, for Plaintiff–Appellant.

Neil J. Evans, Esq., Craig J. Casey, Esq., Office of the U.S. Attorney, Portland, OR, Lucille G. Meis, Esq., Daphne Banay, Esq., Johanna Vanderlee, Esq., Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: FISHER and BERZON, Circuit Judges, and MOSKOWITZ, District Judge.[**]

### MEMORANDUM [***]

Carmen Ireland applied for Social Security benefits under Titles II and XVI of the Social Security Act on February 20, 2002, alleging a disability onset date of January 1, 1998. She was last insured for Title II benefits on July 30, 2000. The Social Security Administration denied benefits. After exhausting her administrative remedies, Ireland sought review in the District Court for the District of Oregon, which affirmed the denial of benefits. She timely appealed that decision.

The Social Security Administration's "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir.2007). We "cannot rely on independent findings

---

[**] The Honorable Barry Ted Moskowitz, District Judge for the Southern District of California, sitting by designation.

[***] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of the district court. We are constrained to review the reasons [for the decision] the [Administrative Law Judge] asserts." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir.2003).

## I.

Ireland suffers from dysthymia, a form of chronic low-grade depression, and from an anxiety disorder that causes recurring anxiety and panic attacks. The attacks are first recorded in her medical records in 1999. Ireland lost her last job that year, and has not worked since.

Dr. Scott Falley treated Ireland from the winter of 1998 until the summer of 2003. During that time, he came to the conclusion that Ireland's anxiety and panic attacks which, combined with her depression, prevented her from working. He opined as much in documents submitted on May 1, 2002 with Ireland's benefits application, writing in pertinent part that: "I am Ireland's physician. She has developed panic disorder, anxiety, and depression. The severity of these conditions precludes her working at this time." On July 3, 2003, Dr. Falley reaffirmed these views, writing, "I provide ongoing medical care for Carmen. She is being treated for panic/anxiety disorder. At this time, her conditions precludes [sic] her from obtaining employment."

Dr. Robert Henry, a consultant working for the Social Security Administration, reviewed Ireland's file on December 27, 2002. For the period from March 2002 to the date of the evaluation, Dr. Henry concluded that Ireland was capable of working "out of the public eye ... [in] a predictable work environment."

## II.

Administrative Law Judge ("ALJ") Terrill heard the case on September 23, 2003.

The burden shifted to the government at step five of the disability determination to show that Ireland retains the residual functional capacity to perform work in the national economy other than her past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir.1998).

As part of the step five assessment, the ALJ considered the medical opinions relating to Ireland's impairments and work capacity. He accepted Dr. Henry's views and denied benefits. The ALJ gave "minimal weight" to Dr. Falley's views, reasoning that they "are not well supported by medically acceptable clinical and/or laboratory diagnostic studies and are inconsistent with other substantial evidence in the case record." Ireland contends that the ALJ did not supply proper reasons to discredit the opinion of her treating physician. We agree.

We have long held that ALJs must carefully justify their views before rejecting the opinion of a treating doctor. *See, e.g., Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir.1988); *Orn*, 495 F.3d at 632–35. Both "medical opinions that speak to the nature and extent of a claimant's limitations, and opinions concerning the ultimate issue of disability, i.e. opinions about whether a claimant is capable of any work, given her or his limitations" are entitled to substantial respect. *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir.2001). Where, as here, the treating doctor's opinion is contradicted by that of a non-treating doctor, the ALJ may not reject the former without providing "specific and legitimate" reasons supported by substantial evidence in the record. *Id.*

■ The ALJ did not provide any such reasons here. Instead, the ALJ repeated the regulatory language concerning when it is appropriate to give controlling weight to a treating doctor's views. *See* 20 C.F.R.

§§ 404.1527(d)(2), 416.927(d)(2). That explanation is insufficient for two reasons: First, it provides extremely general, not "specific and legitimate" reasons. *See, e.g., Embrey,* 849 F.2d at 421–22 (rejecting ALJ's conclusions because they were not "sufficiently specific"). Second, even if Dr. Falley's opinion is not entitled to controlling weight, it may still be entitled to "the greatest weight." *See* SSR 96–2p. The ALJ thus did not explain at all why he accorded the opinion only "minimal" weight. Although the government and the district court provided reasons which the ALJ might have relied upon to discredit Dr. Falley, the ALJ himself did not assert these reasons. We "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Commissioner,* 454 F.3d 1050, 1054 (9th Cir.2006) (quoting *Pinto v. Massanari,* 249 F.3d 840, 847 (9th Cir. 2001)). We therefore may not uphold the denial of benefits.

### III.

Generally, "[w]here the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion as a matter of law." *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.1995) (internal quotation marks omitted). We do so here, crediting as true Dr. Falley's opinions (of both May 1, 2002 and July 3, 2003) that (1) Ireland suffers from depression and an anxiety disorder with panic attacks and (2) that these conditions "preclude[ ] her from working." We decline, however, to remand for award of benefits, as two outstanding issues must be resolved on remand. *See Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir.2004).

■ First, it is not clear whether Dr. Falley's opinion that Ireland is unable to work means that he believed that Ireland is unable to work at "*any*" other kind of substantial gainful work which exists in the national economy," as is required for a finding of disability under the Social Security Act. 42 U.S.C. § 423(d)(2)(A) (emphasis added). The ALJ should develop the record on this point on remand, including inquiring further of Dr. Falley if necessary. *See Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir.2001) ("The ALJ ... has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered.") (internal quotation and citation omitted). The ALJ should then consider Dr. Falley's opinion in determining whether Ireland meets the statutory disability standard. *See Harman v. Apfel,* 211 F.3d 1172, 1178–80 (9th Cir.2000) (remanding for the ALJ to draw a "legal conclusion" from a doctor's medical findings).

■ Second, to be eligible for Title II benefits, Ireland must have been disabled on or before the date she was last insured for those benefits, July 30, 2000. The ALJ found that Ireland had severe depression and anxiety since December 2001. The ALJ should re-examine this finding, treating Dr. Falley's opinions as credible, to determine whether Ireland was disabled before her eligibility expired. To do so, it may be necessary to develop the record further to ascertain whether Dr. Falley's opinions regarding Ireland's ability to work pertain to the period before July 30, 2000. If so, and if the ALJ concludes that Ireland was disabled during that period, Ireland is entitled to Title II benefits. Title XVI benefits, on the other hand, are not conditioned on such an eligibility date and so do not turn on this second question, but only upon the resolution of the first question we posed.

REVERSED and REMANDED, with instructions to remand to the Commission-

er of Social Security for these further determinations.

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.