**Ronald A. MARCH, Plaintiff—Appellant,**

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant—Appellee.**

No. 06–35464.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 9, 2007.*

Filed Nov. 30, 2007.

---

an evidentiary issue. *See U.S. v. Miller*, 822 F.2d 828, 832 (9th Cir.1987).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John E. Seidlitz, Jr., Esq., Seidlitz Law Office, Great Falls, MT, for Plaintiff–Appellant.

George F. Darragh, Jr., Esq., Office of the U.S. Attorney, Great Falls, MT, William T. Dawson, Esq., Social Security Administration General Counsel's Office, Denver, CO, for Defendant–Appellee.

Before: CANBY, GRABER, and GOULD, Circuit Judges.

### MEMORANDUM **

Ronald March appeals the denial of his application for Social Security disability benefits. Reviewing the decision of the administrative law judge ("ALJ") for substantial evidence and legal error, *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir. 1999), we affirm.

March argues that the ALJ gave insufficient weight to medical opinions that he suffered from panic attacks and marked limitations in functioning associated with post-traumatic stress disorder ("PTSD"), that it was error to conclude at step three of the five-step evaluation process that none of March's impairments met or equaled the criteria for presumptive disability listed in Social Security regulations, and that the ALJ erred at step five by relying on the vocational expert's answer to a hypothetical that did not include limitations imposed by panic attacks.

■ (1) The ALJ followed Social Security Regulations in giving greater weight to the opinions of the physicians who treated March during his six-week stay at a Veterans Affairs Medical Center treatment program, and who found his PTSD-induced limitations to be moderate, than to the statements of examining and nonexamining physicians who reported more severe symptoms and limitations. *See* 20 C.F.R. § 404.1527(d) (stating that the views of treating physicians are ordinarily given more weight than those of examining and nonexamining physicians). It was also proper for the ALJ to discount the opinion of March's counselor, Anthony Rizzo, who was not an "acceptable medical source" under 20 C.F.R. § 404.1513(a) and whose opinion consisted of an "uncritical recitation of ... [March's] subjective allegations." *See Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir.2001) (holding that an ALJ could properly discount the opinion of a treating physician whose conclusions were based largely on the subjective complaints of a claimant who had been found to lack credibility). Finally, the ALJ did not err in discrediting the diagnosis of a panic disorder made by Dr. Baily Molineux, who examined March only once and who based that diagnosis exclusively on March's subjective statements and symptom descriptions. *See id.*

■ Furthermore, the ALJ provided specific, clear and convincing reasons for his conclusion that March's subjective claims of suffering two to three panic attacks per week were not credible. *Smolen v. Chater,* 80 F.3d 1273, 1282 (9th Cir. 1996). For example, the ALJ pointed out that no medical personnel had ever observed or documented these attacks, even during the six weeks that March was hospitalized at the Veterans Affairs Medical Center. Such medical documentation of panic attack symptoms is essential where a claim of disability rests on the existence of a panic disorder. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(D)(11). It was

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

therefore proper for the ALJ to discredit some of March's subjective complaints and the medical opinions that relied on those complaints in his weighing of the medical evidence. *See Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir.2003) (holding that the ALJ need not accept all allegations as true but must weigh all evidence in the record and resolve any conflicts or ambiguities).

■ (2) The ALJ's conclusion at step three that none of March's impairments met or equaled the criteria listed at 20 C.F.R. pt. 404, subpt. P, app. 1, was supported by substantial evidence. Both Drs. Bateen and Gregg, the two nonexamining agency physicians who reviewed March's medical records, found that while March's PTSD and other disorders imposed some marked limitations on him, these did not rise to the level required to meet the listings criteria. Dr. Kuka, the nonexamining medical expert who testified at March's hearing, reached the same conclusion, thus creating a medical consensus among all physicians who had applied the listings criteria to March's case. This medical consensus was also supported by other record evidence, such as the fact that March was able to carry out various daily activities in the community and maintain relationships with friends and a girlfriend despite his PTSD.

■■ (3) The ALJ did not commit legal error in presenting a hypothetical to the vocational expert, or relying on his answer to that hypothetical, that did not include the limitations caused by the panic attacks that March claimed to suffer. Because the ALJ had concluded that there was no objective medical evidence of panic attacks in the record and that March's subjective claims of such attacks were not credible, it was proper for the ALJ to present a hypothetical to the vocational

expert that excluded those attacks. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir.2001) (holding that "[i]t is ... proper for an ALJ to limit a hypothetical to those impairments that are supported by substantial evidence in the record"). Because the ALJ's examination of the vocational expert was free of legal error, he properly relied on the vocational expert's testimony in reaching his conclusion that March could perform work as a small engine mechanic so long as his contact with coworkers and supervisors and with the general public was limited. *See Magallanes v. Bowen*, 881 F.2d 747, 756–57 (9th Cir.1989) (affirming an ALJ's conclusion that a claimant could perform other jobs in the national economy under similar factual circumstances).

The ALJ's decision was supported by substantial evidence and there was no legal error.

**AFFIRMED.**