Jeanne CONNETT, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner, Commissioner of Social Security, Defendant–Appellee.

No. 01–36102.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 2003.

Filed Aug. 20, 2003.

Tim Wilborn, Portland, OR, for the plaintiff-appellant.

David J. Burdett and Kristin B. Johnson, Social Security Administration, Seattle, WA, for the defendant-appellee.

Before LAY,* WALLACE, and TALLMAN, Circuit Judges.

WALLACE, Senior Circuit Judge.

Jeanne Connett appeals from the judgment of the district court affirming the Commissioner of the Social Security Administration's denial of benefits. We affirm in part, and reverse and remand in part.

Connett applied for Social Security benefits, including disability insurance benefits and supplemental security income benefits, in September of 1997. Her applications alleged that she became disabled in 1994 as the result of a combination of impairments including back, shoulder and neck pain, migraine headaches, colitis, and a somatoform disorder. This appeal does not involve the last impairment. Her applications were denied initially and upon reconsideration, after which Connett re-

* The Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

quested a hearing before an administrative law judge (ALJ). After a hearing, the ALJ issued a decision concluding Connett was not disabled. The Appeals Council declined review, and the ALJ's decision became the final order of the Commissioner. Connett appealed to the district court. The district court affirmed the Commissioner's order denying benefits and dismissed the appeal.

■ We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We review de novo a district court's order upholding the Commissioner's denial of benefits. *Moore v. Comm'r of the Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002). We must affirm the district court if the Commissioner's decision is supported by substantial evidence, *id.*; that is, the evidence must be more than a mere scintilla but not necessarily a preponderance. *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir.2001).

## I.

Connett first argues that the ALJ improperly rejected most of her testimony regarding the severity of her back, neck and shoulder pain, migraines, and colitis. She asserts that the ALJ failed to set forth specific reasons for disbelieving her testimony with regard to the back, neck and shoulder pain. When reviewing the decision, we bear in mind that the ALJ, who holds a hearing in the Commissioner's stead, is responsible for determining credibility and resolving conflicts in medical testimony. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.2001). However, when rejecting a claimant's testimony, we have imposed on the ALJ our requirements of specificity. *Dodrill v. Shalala*, 12 F.3d 915, 917 (9th Cir.1993) (observing that an ALJ may reject pain testimony, but "he must justify his decision with specific findings").

## A.

■ The ALJ observed that Connett's sworn testimony at the hearing regarding the degree and nature of her neck, shoulder and back pain was often contradicted by her past actions and other record evidence. For example, although Connett asserted she spent 75 percent of her day lying down due to severe pain, the ALJ's decision rejected her testimony in part because she never reported this restriction to a physician. Likewise, Connett testified her neck pain was so severe that she had to cut her long hair for relief; but at the hearing, her hair reached well below her shoulders. The ALJ also relied on the fact that Connett repeatedly reported back and neck pain to her treating and examining physicians, yet all x-rays, CT scans, and myelograms were normal.

The ALJ also observed that in 1996, when one doctor discontinued treatment for her alleged neck and back pain because there was nothing else he could do for her, she began a pattern of seeking treatment at emergency rooms. She testified she had never undergone physical therapy or been in a back strengthening program, but the ALJ's review of the medical records demonstrated she had attempted such treatments. The ALJ also relied on the fact that although Connett reported that various doctors imposed functional restrictions, the medical records disclosed that these restrictions were self-imposed and not based on the independent assessment of any physician.

With respect to this testimony, the ALJ's rejection of Connett's claims regarding her limitations is based on clear and convincing reasons supported by specific facts in the record that demonstrate an objective basis for his finding. *Dodrill*, 12 F.3d at 917. With regard to each of Connett's claims, the ALJ stated which testimony he found not credible and what

evidence suggested that the particular testimony was not credible. The ALJ's decision to deny Connett's claim with respect to her back, shoulder, and neck pain, therefore, was supported by substantial evidence.

### B.

■ Connett also argues that the ALJ improperly rejected her testimony that she suffers from severe colitis and migraine headaches, both of which she says debilitate her for days at a time. With respect to both, the ALJ stated only that they were not severe impairments because Connett controlled both conditions with medication. At the hearing, Connett testified that "Imitrex can make [a migraine] gone within 24 hours," but that "[if] I get one of these headaches, I'm done. I might as well ... call it a day." In the month prior to the hearing, she reported having only one migraine, but alleged that she usually had "three to four" per month. When asked about colitis, Connett stated that it affects her "twice" a month, and takes a "week and a half" to clear up. She also testified that she uses Tagamet to combat any nausea that accompanies the symptoms, and that "most times," the diarrhea "is pretty well controlled with diet."

As with her testimony regarding her back, shoulder, and neck pain, Connett's testimony regarding her migraines and colitis was conflicting. The district court pointed to many discrepancies between the record and Connett's account of these conditions at the hearing. For example, Connett reported a weight fluctuation of nearly forty-five pounds due to colitis; yet medical records indicate only a sixteen pound fluctuation. With respect to Connett's migraines, the district court pointed out that Connett testified at the hearing that without her medication the migraine headaches would require a visit to the emergency room, yet the record reflects that Connett had never gone to the emergency room for treatment of her migraines, even before she received a prescription for her medication. Furthermore, while she often reported to doctors that she had a history of migraines, Connett never reported an actual migraine episode.

These specific findings might be adequate under *Dodrill*. But the problem is that we cannot rely on independent findings of the district court. We are constrained to review the reasons the ALJ asserts. *SEC v. Chenery Corp.*, 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947); *Pinto v. Massanari*, 249 F.3d 840, 847–48 (9th Cir.2001). It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss. Because the ALJ did not assert specific facts or reasons to reject Connett's testimony and to find that her migraines and colitis were controlled by medication, we must reverse the district court on this issue. *Dodrill*, 12 F.3d at 917.

### II.

■ Connett also argues that the ALJ improperly discounted the opinion of her treating physician, Dr. Magsarili. Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons. *Thomas v. Barnhart*, 278 F.3d 947, 956–57 (9th Cir.2002). However, the ALJ can reject the opinion of a treating physician in favor of the conflicting opinion of another examining physician "if the ALJ makes 'findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.'" *Id.* at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989)).

The ALJ rejected Dr. Magsarili's certification of Connett as disabled, primarily because Dr. Magsarili's residual function

capacity questionnaire "is not supported ... by[ ] his own notes. His conclusions also had multiple inconsistencies with all other evaluations." Dr. Magsarili stated that Connett's medical problems limited her workday in that she could sit continuously for only twenty minutes, she could stand continuously for only ten minutes, and she could walk only two or three blocks without risk of severe pain. He wrote that Connett could sit/stand/walk for a total maximum of two hours in an eight-hour work day, and she must shift positions and take ten-minute breaks every two hours. She could occasionally lift or carry objects up to ten pounds, but she could not engage in repetitive reaching, crouching or stooping. Finally, he wrote that she would be absent from work three times a month.

Dr. Magsarili's limitations are inconsistent with and more restrictive than those found by any other source. Dr. Berselli prepared a disability questionnaire based on information similar to that available to Dr. Magsarili, but he opined that Connett could sit, stand, walk or drive for one hour at a time or four to six hours total in a workday. He limited lifting to twenty pounds frequently or thirty-five to fifty occasionally, with postural limitations. Dr. Anderson relied on Connett's self-reported limitations of lifting thirty-five pounds, sitting two hours at a time, standing for an hour and a half, or walking for twenty minutes. In his opinion, Connett was not disabled. Because this evidence contradicts Dr. Magsarili's conclusions, the ALJ need only have rejected Dr. Magsarili's conclusions for specific and legitimate reasons supported by substantial evidence in the record. *Thomas*, 278 F.3d at 957.

The ALJ observed that Dr. Magsarili's treatment notes provide no basis for the functional restrictions he opined should be imposed on Connett. At Connett's first office visit, Dr. Magsarili took her subjec-

tive report of symptoms and did a limited physical examination. When she indicated tenderness in her abdomen and pain in her lower back and hip, Dr. Magsarili wrote her a "disability certificate" certifying that she was unable to work. At the second office visit, Dr. Magsarili decided that Connett needed more extensive diagnostic imaging. At the third office visit, Dr. Magsarili found tenderness in response to palpitation in the epigastrium. At the fourth office visit, he once again found tenderness in the low back and "popping" in the right hip. When Connett indicated that she was "stressed" at the prospect of losing her two-bedroom apartment because her son moved out, Dr. Magsarili wrote her a note stating that her medical condition required her to be in a two-bedroom apartment. His treatment notes say, "This was so she could keep her apartment and avoid going back on the streets." At the fifth and final office visit, Dr. Magsarili treated Connett for a right wrist sprain and abrasions from a bicycle accident.

We hold that the ALJ properly found that Dr. Magsarili's extensive conclusions regarding Connett's limitations are not supported by his own treatment notes. Nowhere do his notes indicate reasons why Connett would be limited to standing for only ten minutes or lifting only ten pounds, nor do they indicate that Dr. Magsarili ever recommended such limitations to Connett. The ALJ properly rejected this testimony in favor of the conflicting testimony of other examining physicians.

We therefore affirm the district court as to Connett's testimony of her back, neck, and shoulder pain. We also affirm the district court as to Dr. Magsarili's disability opinion. We reverse the district court as to the migraines and colitis issue.

### III.

Connett urges that we are required to enter an award of benefits in her favor upon reversing the district court. She bases her argument on *McCartey v. Massanari*, 298 F.3d 1072, 1076–77 (9th Cir. 2002), in which this court held that an award of benefits is mandatory where the ALJ's reasons for rejecting the claimant's testimony are legally insufficient and it is clear from the record that the ALJ would be required to determine the claimant disabled if he had credited the claimant's testimony. *See also Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir.1989) ("where it is clear from the administrative record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited, we will not remand solely to allow the ALJ to make specific findings regarding that testimony. Rather, we will ... take that testimony to be established as true.") (internal quotation and citation omitted).

However, we are not convinced that the "crediting as true" doctrine is mandatory in the Ninth Circuit. Despite the seemingly compulsory language in *McCartey* and *Swenson*, there are other Ninth Circuit cases in which we have remanded solely to allow an ALJ to make specific credibility findings. In *Dodrill*, for example, our court specifically remanded for the ALJ to "articulat[e] specific findings for rejecting [the claimant's] pain testimony and the testimony of lay witnesses." 12 F.3d at 919. In *Nguyen v. Chater*, where the ALJ failed to consider the claimant's testimony with regard to his asthma, our court remanded with the specific proviso that "[i]t is not our intent ... to preclude the ALJ from reopening the hearing to receive additional evidence," including, presumably, evidence regarding the claimant's credibility. 100 F.3d 1462, 1466–67 (9th Cir.1996). *See also Byrnes v. Shalala*, 60 F.3d 639, 642 (9th Cir.1995) ("We

therefore remand this case to the ALJ for further findings evaluating the credibility of [the claimant's] subjective complaints....").

Moreover, the propriety of remanding for reconsideration of credibility determinations was implicitly approved by our court en banc in *Bunnell v. Sullivan*, 947 F.2d 341, 348 (9th Cir.1991). When Bunnell's application for benefits was denied by the Appeals Council, she filed a complaint for benefits in federal district court. *Bunnell v. Sullivan*, 912 F.2d 1149, 1151 (9th Cir.1990), *rev'd en banc*, 947 F.2d at 348. The district court agreed with Bunnell that the ALJ "failed to explain with sufficient specificity" the basis for rejecting Bunnell's claims of disabling pain, and remanded for further proceedings. 912 F.2d at 1151. The en banc court specifically affirmed the "district court decision in *Bunnell* remanding the case to the Secretary." *Id.* at 348.

These opinions establish that we are not required to enter an award of benefits upon reversing the district court. Instead of being a mandatory rule, we have some flexibility in applying the "crediting as true" theory. There is no other way to reconcile *Dodrill, Bunnell, Nguyen,* and *Byrnes* with our other opinions.

Because there are insufficient findings as to whether Connett's testimony should be credited as true, we apply *Dodrill* and remand for further determinations. The ALJ is free to reconsider his decision with regard to Connett's migraines and colitis, including her credibility on these complaints. *Dodrill,* 12 F.3d at 919.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.