Candace E. AIKEN, Plaintiff–
Appellant,

v.

Jo Anne B. BARNHART, Commis-
sioner of Social Security, De-
fendant–Appellee,

No. 03–35402.

D.C. No. CV–02–00010–SEH.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 8, 2004.*

Decided Oct. 25, 2004.

John E. Seidlitz, Jr., Seidlitz Law Office, Great Falls, MT, for Plaintiff–Appellant.

Debra J. Meachum, Denver, CO, for Defendant–Appellee.V

Before KOZINSKI, FERNANDEZ, and CLIFTON, Circuit Judges.

## MEMORANDUM**

Candace E. Aiken appeals the district court's grant of summary judgment to the Commissioner of Social Security, which upheld the Commissioner's denial of benefits to her under Title II of the Social Security Act. 42 U.S.C. §§ 401—434. We affirm.

Essentially, Aiken complains about the Administrative Law Judge's rejection of the opinion of a treating physician and his determination that she was not entirely credible.[1]

The ALJ's determination must be upheld if it is supported by substantial evidence. *See Connett v. Barnhart,* 340 F.3d 871, 873 (9th Cir.2003). However, if the ALJ rejects the opinion of a treating physician, he must give clear and convincing reasons if the opinion is not contradicted

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

1. Aiken also alludes to the vocational expert's testimony and the nature of the questions put to the vocational expert. But because the ALJ properly ruled on the testimony of Aiken and the physician, the vocational expert issue is of no real import.

by other evidence, and specific and legitimate reasons if it is. *See Reddick v. Chater,* 157 F.3d 715, 725 (9th Cir.1998); *Lester v. Chater,* 81 F.3d 821, 830–31 (9th Cir.1995); *Andrews v. Shalala,* 53 F.3d 1035, 1041—43 (9th Cir.1995); *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir.1989). Moreover, when the ALJ rejects a claimant's own testimony about her limitations, he must provide a "specific, cogent reason[ ] for the disbelief." *Lester,* 81 F.3d at 834 (internal quotation marks omitted); *see also Thomas v. Barnhart,* 278 F.3d 947, 958—59 (9th Cir.2002); *Smolen v. Chater,* 80 F.3d 1273, 1281—84 (9th Cir. 1996).

We have reviewed the record and we agree with the district court that the ALJ met those standards, and, therefore, did not err. *See* 20 C.F.R. § 416.920(a)(4), (f).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.