Victoria BARRANCO, Plaintiff—
Appellant,

v.

Jo Anne B. BARNHART, Commission-
er of the Social Security Adminis-
tration, Defendant—Appellee.

No. 05–55112.

D.C. No. CV–04–03039–SS.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 2, 2005.*

Decided Oct. 17, 2005.

Law Offices of Lawrence D. Rohlfing,
Santa Fe Springs, CA, for Plaintiff–Appel-
lant.

Constance M. Komoroski, Esq., Office of
the U.S. Attorney, Los Angeles, CA, Mi-
chael A. Cabotaje, Social Security Admin-
istration, San Francisco, CA, for Defen-
dant–Appellee.

Before SKOPIL, FARRIS, and T.G.
NELSON, Circuit Judges.

MEMORANDUM **

Victoria Barranco appeals the denial of
her application for Supplemental Security
Income disability benefits under Title XVI
of the Social Security Act, 42 U.S.C.
§§ 1381–85. She contends the Adminis-
trative Law Judge (ALJ) failed to articu-
late legally sufficient reasons to reject a
treating physician's opinion that her im-
pairments rendered her unable to work.
The district court affirmed the denial of
benefits, concluding the ALJ provided the
requisite "specific and legitimate reasons"

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
9th Cir. R. 36–3.

to reject the treating physician's opinion. We affirm.

## DISCUSSION

The opinion of a treating physician is entitled to considerable deference. *See Edlund v. Massanari,* 253 F.3d 1152, 1157 (9th Cir.2001). Nonetheless, that opinion is not binding on the ALJ "with respect to the existence of an impairment or the ultimate determination of disability." *Ukolov v. Barnhart,* 420 F.3d 1002, 1004 (9th Cir. 2005) (internal quotation omitted). Rather, the ALJ can reject the opinion of a treating physician with "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir.2003) (internal quotation omitted). The ALJ may satisfy this burden "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence...." *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 600 (9th Cir.1999) (internal quotation omitted).

We agree with the district court that the ALJ met this burden. As the district court noted, "the ALJ offered an accurate and extremely detailed summary of [Barranco's] medical history that ... substantiates the ALJ's conclusion that Dr. Hnat's opinions regarding [Barranco's] limitations were inconsistent with the findings and opinions of the other ... treating sources." Moreover, the ALJ explained that "Dr. Hnat is only one of the claimant's treating sources and her opinion that basically the claimant is completely incapable of engaging in any work activity is inconsistent with the totality of the record, but most specifically with other treating sources' findings and opinions." Although Barranco argues that more should have been said, we agree with the district court that the ALJ's conclusions are supported by substantial evidence in the record.

AFFIRMED.