William L. VOLKERTS, Plaintiff—Appellant,

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION, Defendant—Appellee.

No. 05–35173.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2005.*

Decided Dec. 16, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Robert W. Boyer, Esq., Grants Pass, OR, Tim D. Wilborn, Esq., West Linn, OR, for Plaintiff–Appellant.

Craig J. Casey, Esq., USPO–Office of the U.S. Attorney Mark O. Hatfield U.S. Courthouse, Portland, OR, Lucille G. Meis, Esq., David M. Blume, Esq., David M. Blume, Esq., SSA–Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: D.W. NELSON and O'SCANNLAIN, Circuit Judges, and BURNS,** District Judge.

## MEMORANDUM ***

William Volkerts appeals the district court's decision upholding the determination of the administrative law judge ("ALJ") that Volkerts was not entitled to disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–433. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Our review must consider whether the ALJ's finding was supported by substantial evidence and was free of legal error. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir.1989). The objective medical evidence indicates severe shoulder impairment and occasional back problems that "could reasonably be expected to produce the pain or other symptoms alleged...." *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir.1991) (en banc). Accordingly, the decision of the ALJ must offer specific, clear, and convincing reasons for an adverse credibility determination, *Rollins v. Massanari*, 261 F.3d 853, 856–57 (9th Cir.2001), and those reasons must be supported by substantial evidence, *id.* at 857.

We hold that the ALJ has provided clear and convincing reasoning here, with substantial evidentiary support. Volkerts never reported to any physician his claimed limitations on walking, sitting, or standing. *Cf. Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir.2003) (upholding an ALJ's rejection of subjective testimony in part because the claimant had never reported some alleged restrictions to a physician); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir.2005) (finding that claimant's failure to seek back treatment for three or four months was "powerful evidence" militating against her subjective claims to pain). To the contrary, Volkerts denied such problems to at least one examining physician. *See Smolen v. Chater*, 80 F.3d 1273, 1284–85 (9th Cir.1996) (noting the relevance of whether the medical records contradict the claimant's statements).

We also hold that the ALJ did not err in finding, based on the testimony of a vocational expert, that Volkerts' skills are transferrable to at least one other job in the economy, that of a cabinet assembler. The similarities in skills between past and

---

** The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

potential jobs need not be very close in every possible aspect. 20 C.F.R. § 404.1568(d)(3). Lending significant support to the reasonableness of the ALJ's determination here is Social Security Ruling 82–41, which mentions cabinet assembly as a example of a job that might be suitable for a former carpenter in a position similar to Volkerts'. Although that example involved a different type of carpenter, we find the similarities to Volkerts' position sufficiently compelling that we must regard the ALJ's determination as reasonable. The number of jobs in the state for cabinet assemblers is sufficient to uphold the ALJ's denial of disability. *Cf. Thomas v. Barnhart,* 278 F.3d 947, 950 (9th Cir.2002) (finding that the existence of 622,000 jobs in the national economy and 1,300 jobs in the state constituted substantial evidence of no disability); *Barker v. Sec'y of Health & Human Servs.,* 882 F.2d 1474, 1478–79 (9th Cir.1989) (holding that 1,266 jobs are sufficient).

AFFIRMED.