**Pa K. VANG, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant–Appellee.**

**No. 05–15943.**

United States Court of Appeals, Ninth Circuit.

Submitted April 18, 2007.*

Filed April 24, 2007.

———

Akiko Lynne Uriu, Esq., Davis, CA, for Plaintiff–Appellant.

Sharon Sands, Esq., Social Security Administration office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: SCHROEDER, Chief Circuit Judge, TROTT and W. FLETCHER, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Appellant Pa Vang appeals the district court's grant of summary judgment to the Commissioner of Social Security. The Commissioner had denied Vang's application for social security disability benefits. We affirm.

Vang raises three arguments on appeal. First, Vang argues that the ALJ erred by rejecting the opinions of Vang's treating physician psychiatrist Dr. Burns and nurse practitioner Christopher Johnson and by dismissing Vang's low GAF scores. The ALJ appropriately rejected Johnson's opinion that Vang was "disabled" because the Commissioner, not a medical source, makes the determination on the ultimate question of disability. *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989). Any error in rejecting Dr. Burns's opinion that Vang had difficulty caring for her children does not warrant remand because it does not contradict the ALJ's specific findings of Vang's Residual Functional Capacity (RFC). *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.2005). Vang points to no other statements by Dr. Burns that support Vang's argument that the ALJ's RFC assessment at Step 4 was erroneous. The ALJ gave specific, legitimate reasons for dismissing the low GAF scores which were contradicted by the findings of other physicians. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

Second, Vang argues that the ALJ erred by discrediting Vang's testimony which suggested a greater level of non-exertional impairments than the ALJ found. The ALJ gave "clear and convincing reasons supported by specific facts in the record" to reject Vang's testimony.

*See Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir.2003). The medical record contained conflicting statements from Vang and included physicians' opinions that Vang's limitations were less severe than she alleged. *See Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir.2002).

Last, Vang argues that the ALJ erred by determining that Vang's impairments did not equal Listed Impairments 12.04 or 12.06. The Commissioner provides no citation, nor excerpts of record, to support the argument that Vang did not raise this issue before the district court. *See* Ninth Circuit Rules 10–2 and 30–1. Regardless, based on the limitations found by the ALJ, Vang's functional capacity does not meet either listed impairment. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listings 12.04 & 12.06 (2003).

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.