MEMORANDUM **
The ALJ did not give specific and legitimate reasons for discrediting the report of Dr. Watkins, the treating physician, and therefore erred in giving greater weight to the opinions of the non-examining physicians, Drs. Campbell and Enos, than to Dr. Watkins’s report. See Nguyen v. Chater, 100 F.3d 1462, 1466 (9th Cir.1996). Contrary to the ALJ’s finding, there is no material inconsistency between Dr. Watkins’s Medical Source Statement and the narrative portion of his report. Moreover, the fact that Dr. Watkins prepared his report before April 2004 (when Williams resumed her mental health treatment) does not constitute a specific and legitimate reason for giving less weight to Dr. Watkins’s opinion. Dr. Campbell also prepared his report before April 2004, and the opinions of Drs. Campbell and Enos cite only to Dr. Watkins’s report. Finally, the ALJ’s general agreement with the opinions of Drs. Campbell and Enos, and the ALJ’s unsupported assertion that those opinions were “supported by the great weight of the evidence,” do not constitute specific and legitimate reasons for discrediting Dr. Watkins’s testimony. See Regennitter v. Comm’r of Soc. Sec. Admin166 F.3d 1294, 1299 (9th Cir.1999).
Even if the ALJ had properly credited Dr. Watkins’s report, the evidence in the record does not resolve the ultimate question whether Williams is disabled. In considering the hypotheticals provided by the ALJ, the VE provided conflicting testimony as to whether Dr. Watkins’s report required a finding of disability. Accordingly, we remand for a redetermination of disability at step five of the Commissioner’s evaluation process. We do not address the question whether the ALJ erred in determining Williams was only partially credible. On remand, the ALJ is free to reconsider her decision with regard to *743 Williams’s credibility. See Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir.2003).
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.