Linda K. HEINE–O'BRIEN, Plaintiff–Appellant,

v.

Michael J. ASTRUE, Defendant–Appellee.

No. 08–35699.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 2, 2009.*

Filed Sept. 24, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John Edward Seidlitz, Jr., Seidlitz Law Office, Great Falls, MT, for Plaintiff–Appellant.

George F. Darragh, Jr., Assistant U.S., USGF–Office of the U.S. Attorney, Great Falls, MT, Jennifer Randall, Assistant Regional Counsel, Pamela Margaret Wood, Special Assistant U.S., Social Security Administration, Denver, CO, for Defendant–Appellee.

Before: HAWKINS, McKEOWN and BYBEE, Circuit Judges.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Heine–O'Brien waived her challenge to the ALJ's failure to address Dr. Dube's testimony,

## MEMORANDUM **

Linda Heine–O'Brien appeals the affirmance of the Administrative Law Judge's denial of her claim for Social Security disability benefits. Heine–O'Brien argues the ALJ improperly discounted the opinion of her treating physicians and improperly rejected her testimony concerning her pain and physical limitations. We agree. Because the ALJ's decision was unsupported by the requisite substantial evidence, we reverse.

### A. Evaluation of Relevant Medical Opinions

■ The ALJ rejected the testimony of Heine–O'Brien's treating physicians based on perceived inconsistencies—both within each report and with other testimony—but did not base his rejections "on clear and convincing reasons supported by specific facts in the record that demonstrate[d] an objective basis for [his] finding." *Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989).

The ALJ cited insignificant differences within the doctors' individual reports and differences with Heine–O'Brien's testimony—for example, whether Heine–O'Brien could walk continuously for thirty, or only fifteen, minutes—and found them to demonstrate a lack of credibility. But, he neglected to mention the context in which results were reported, and read the record selectively. The ALJ therefore erred in his evaluation of Heine–O'Brien's three treating doctors, Drs. Ward, Galvas, and Dube.[1]

as she "d[id] not specifically and distinctly argue the issue in ... her opening brief." *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir.2005); *see also United States v. Loya*, 807 F.2d 1483, 1487 (9th Cir.1987).

## B. Evaluation of Heine–O'Brien's Testimony

■ The ALJ failed to provide specific, clear and convincing reasons for giving less weight to Heine–O'Brien's testimony concerning her pain and limitations. *See Lingenfelter v. Astrue,* 504 F.3d 1028, 1035–36 (9th Cir.2007); *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir.2008). Instead, he grossly overstated Heine–O'Brien's ability to accomplish various chores, including doing laundry and washing dishes. In fact, Heine–O'Brien's activities—watching TV, laying down, painting small arts projects, doing basic chores with difficulty—were "so undemanding that they cannot be said to bear a meaningful relationship to the activities of the workplace." *See Orn v. Astrue,* 495 F.3d 625, 639 (9th Cir.2007).

The ALJ also claimed to find contradictions in Heine–O'Brien's testimony, but these were, in fact, consistent with both her own testimony and with the opinions of her physicians. Because the ALJ failed to provide clear and convincing reasons on which to base his conclusions, his evaluation of Heine–O'Brien's testimony and the reports of her physicians does not provide substantial evidence to support the denial of benefits.

**REVERSED AND REMANDED.**