**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JODI C. PIERCE,

       Plaintiff - Appellant,

    v.

CAROLYN W. COLVIN,

       Defendant - Appellee.

No. 12-35788

D.C. No. 1:11-cv-00105-RFC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Senior District Judge, Presiding

Argued and Submitted February 3, 2014
Seattle, Washington

Before: FISHER, GOULD and CHRISTEN, Circuit Judges.

Jodi C. Pierce appeals the district court's grant of summary judgment in favor of the Commissioner of the Social Security Administration, upholding the denial of her application for disability insurance benefits and supplemental security income. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse and remand in part.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** The ALJ articulated germane reasons for giving little weight to the opinion of Pierce's counselor, Timothy Dove. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ adopted the opinion of the medical expert because she was the only acceptable medical source who reviewed Pierce's entire medical record. The ALJ permissibly rejected Dove's opinion because it was inconsistent with Dove's treatment notes and care plan and because its extreme characterization of Pierce's limitations was not supported by the medical record. *See id.* at 1112; *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). Pierce's inability to afford alternative mental health treatment does not invalidate this conclusion.

**2.** The ALJ did not give sufficiently specific, clear and convincing reasons for discrediting Pierce's testimony regarding the number of days she is debilitated by depression or a manic episode. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). Her testimony that she is debilitated several days per month would, if credited, establish that she is disabled. The ALJ apparently rejected this testimony because it was not supported by the medical record, but an ALJ may not disregard a claimant's testimony on this basis when the testimony concerns the severity of symptoms that her underlying impairment could reasonably be expected to cause. *See id.* at 883-84. The other reasons the ALJ

offered also were not sufficiently specific to Pierce's testimony regarding the severity of this symptom. *See Vasquez v. Astrue*, 572 F.3d 586, 591-92 (9th Cir. 2009). We decline to apply the "credit-as-true" rule in this case and reverse and remand with instructions to remand to the agency for further determinations on an open record regarding how often Pierce is debilitated by depression or a manic episode. *See Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003). The ALJ may take more evidence if it would be useful, but is not required to do so.

**3.** The remainder of the ALJ's adverse credibility determination is affirmed.

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**