**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOE MARTINEZ, | No. 12-57084 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-00796-H-NLS |
| v. | |
| CAROLYN W. COLVIN, officially as Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted October 10, 2014
Pasadena, California

Before: PREGERSON, TALLMAN, and BEA, Circuit Judges.

Joe Martinez ("Martinez") appeals the district court judgment affirming the

decision of the Administrative Law Judge ("ALJ") to deny Martinez's application

for social security disability and supplemental security income. We have

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse the judgment of the district court and remand for payment of benefits.

First, the ALJ did not set forth specific, legitimate reasons based on substantial evidence in the record for rejecting the assessment of examining physician Dr. Valerie K. Novak in favor of non-examining physician Dr. S. Brodsky's opinion. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted); *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995) ("The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician."). Moreover, relying on Dr. Brodsky's opinion was also in error because Dr. Brodsky's opinion was based on Dr. Novak's findings, and a physician's opinion is not substantial evidence if the opinion relies entirely on another doctor's findings, but simply comes to a different conclusion. *See Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) ("When an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'").

Second, the ALJ erred by rejecting Martinez's testimony without making *any* credibility determination, let alone providing specific, clear, and convincing

reasons for rejecting the testimony and citing what testimony was credible and what testimony undermined Martinez's complaints. *See Lester*, 81 F.3d at 834 ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."). Without any meaningful explanation for rejecting Martinez's testimony, we have nothing with which to assess the legitimacy of that rejection. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884-85 (9th Cir. 2006).

Third, substantial evidence does not support the ALJ's finding that Martinez can perform the full range of sedentary work under the Medical-Vocational Guidelines ("the Grids"). Use of the Grids at step five is justified "where they *completely and accurately* represent a claimant's limitations." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999) (citation omitted). Therefore, to rely on the Grids rather than seek the expertise of a vocational expert, "a claimant must be able to perform the *full range* of jobs in a given category, i.e., sedentary work, light work, or medium work." *Id.* (emphasis in original). But here, even Dr. Brodsky, whose opinion the ALJ relied upon to determine Martinez's residual functional capacity, suggested that Martinez had limitations which would inhibit his ability to perform the full range of sedentary work. Thus, the ALJ erred by relying on the Grids rather than seeking the expertise of a vocational expert.

3

Finally, if Martinez's testimony and Dr. Novak's opinion were properly credited, Martinez would be considered disabled. We therefore reverse the decision of the district court and remand with instructions to remand to the ALJ for the calculation and award of benefits. *See Orn*, 495 F.3d at 640 (citing *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003)).

**REVERSED and REMANDED with instructions.**