**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STELLA WEISKOPF,

               Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

               Defendant-Appellee.

No.   15-16008

D.C. No. 2:13-cv-01979-MHB

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Michelle H. Burns, Magistrate Judge, Presiding

Argued and Submitted May 18, 2017
San Francisco, California

Before:  THOMAS, Chief Judge, WARDLAW, Circuit Judge, and
BENCIVENGO,** District Judge.

    Appellant applied for Social Security Disability and Supplemental Security

Income benefits, alleging she became disabled and was unable to work because she

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The Honorable Cathy Ann Bencivengo, United States District Judge
for the Southern District of California, sitting by designation.

suffered from severe chronic migraine headaches, chronic pain, depression and anxiety. The ALJ concluded that Appellant was not disabled within the meaning of the Social Security Act. Appellant's timely request for review of the ALJ decision was denied by the Appeals Council. Appellant subsequently challenged the ALJ's decision in the district court, which affirmed the decision to deny benefits. This appeal followed.

"We review the district court's order affirming the ALJ's denial of Social Security benefits *de novo,* and reverse only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (citations omitted). In reviewing the ALJ's decision denying benefits, the entire record is considered as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*,466 F.3d 880, 882 (9th Cir. 2006)). Only the reasons provided by the ALJ in the determination are reviewed. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir 2003).

The ALJ did not set forth clear, specific and legitimate reasons for rejecting the medical opinions of Appellant's treating pain management specialist and treating neurologist in determining Appellant's ability to do work-related activities. These two treating physicians provided opinions of her functional capacity. The

2

ALJ rejected both opinions, assigning one of them "little weight" and the other "limited weight." But she failed to provide specific and legitimate reasons for doing so. *See Orn*, 495 F.3d at 632 ("Even if the treating doctor's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record." (quoting *Redding v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998))). The ALJ recited portions of treating physicians' treatment notes and then simply stated their opinions of Weiskopf's functional capacity were inconsistent with the notes. The ALJ failed to explain why the conclusion she drew from the treatment notes—that Weiskopf *can* perform limited, sedentary work—makes any more sense than the treating physicians' conclusions. We have rejected similar formulaic explanations:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988).

The ALJ thus did not sufficiently explained why the treating physicians' opinions did not deserve "controlling weight," and further, she completely failed to

explain why the opinions merited only "little" and "limited" weight. Even when there is substantial evidence contradicting a treating physician's opinion such that it is no longer entitled to controlling weight, the opinion is nevertheless "entitled to deference." *Orn*, 495 F.3d at 633 (quoting SSR 96-2P, at *4). To determine the amount of deference, the opinion "must be weighed using all of the factors provided in 20 C.F.R. [§] 404.1527." SSR 96-2P, at *4. These factors include, among others, the length of the treatment relationship, frequency of examination, and the nature and extent of the treatment relationship. 20 C.F.R. § 404.1527(c). The ALJ did not engage in this analysis.

Furthermore, the ALJ did not properly analyze Weiskopf's evidence of fibromyalgia. The ALJ did not consider fibromyalgia when determining Weiskopf's residual functional capacity, even though she was supposed to consider all medically determinable impairments (MDIs) — even those that are not severe. *See* 20 C.F.R. § 404.1545 ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' as explained in §§ 404.1520(c), 404.1521, and 404.1523, when we assess your residual functional capacity."). The ALJ explained that she refused to do so because "examinations d[id] not reveal any trigger point tenderness." This analysis was at odds with Social Security Ruling 12-2P. The

4

ruling describes two ways that fibromyalgia may be determined to be an MDI, only one of which requires trigger point tenderness. The ALJ ignored the second possible basis for finding that a claimant has an MDI of fibromyalgia:

> 1) A history of widespread pain . . .;
>
> 2) Repeated manifestations of six or more FM symptoms, signs, or co-occurring conditions especially manifestations of fatigue, cognitive or memory problems ("fibro fog"), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome; and
>
> 3) Evidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded.

SSR 12-2P, at *3. She therefore failed to adequately explain why she did not consider Weiskopf's fibromyalgia in her residual functional capacity determination.

"When an ALJ's reasons for rejecting the claimant's testimony are legally insufficient and it is clear from the record that the ALJ would be required to determine the claimant disabled if [s]he had credited the claimant's testimony, we remand for a calculation of benefits." *Orn*, 495 F.3d at 640 (quoting *Connett*, 340 F.3d at 876). That is not the case here because there are "outstanding issues that must be resolved before a proper disability determination can be made." *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1107 (9th Cir. 2014) (quoting *Vasquez v. Astrue*,

5

572 F.3d 586, 593 (9ᵗʰ Cir. 2009)).  We conclude that the ALJ committed

legal error and that remand to the agency is appropriate to determine the

extent of Appellant's impairment.  The decision of the District Court is

therefore **REVERSED** and the matter is **REMANDED** for further

proceedings.