NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALICIA ROCHA, | No.   18-35270 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-03034-MKD |
| v. | |
| NANCY A. BERRYHILL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, Magistrate Judge, Presiding

Argued and Submitted May 15, 2019
Seattle, Washington

Before:  W. FLETCHER and BENNETT, Circuit Judges, and SILVER,** District Judge.

Alicia Rocha appeals the district court's grant of summary judgment

affirming the administrative law judge's (ALJ) denial of her application for

disability insurance benefits and supplemental security income under the Social

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we reverse the district court's summary judgment and remand with instructions to remand to the Commissioner for further administrative proceedings consistent with this disposition.

"We review the district court's order affirming the ALJ's denial of social security benefits de novo and reverse only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (citations omitted). Additionally, we may not reverse if the error was harmless. *Id.* at 1111.

The ALJ in this case reversibly erred in giving no weight to the opinion of Rocha's treating psychologist, L. Paul Schneider, PhD. The opinions of "treating sources," like Dr. Schneider are typically "give[n] more weight" than the opinions of, for example, physicians who have not treated the claimant. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). An ALJ may reject a treating source's uncontroverted opinion if the ALJ gives "clear and convincing" reasons. *Smolen*, 80 F.3d at 1285. "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)).

2

Here, the ALJ's two reasons for rejecting Dr. Schneider's opinion are not legitimate reasons supported by substantial evidence. First, the ALJ's conclusion that Dr. Schneider's opinion conflicted with his initial evaluation of Rocha in 2014 is based on an erroneous assumption that the limitations expressed in his opinion were attributed only to anxiety and depression. The ALJ overlooked, however, Dr. Schneider's conclusion that Rocha suffers from pain disorder, and consequently failed to consider whether the limitations expressed in Dr. Schneider's opinion were consistent with his diagnosis of pain disorder. Second, that Rocha "presented with an appropriate mood and affect and normal insight and judgment" at two appointments has no apparent bearing on whether her diagnosed pain disorder could cause the limitations expressed in Dr. Schneider's opinion. Further, rejecting the opinion of a treating source based on two cursory observations by doctors who did not assess Rocha's mental impairments falls short of the substantial evidence standard.

The district court held that the ALJ did not err in rejecting Dr. Schneider's opinion because "[a]s the ALJ found, Dr. Schneider's treatment records are devoid of examination findings supporting the degree of psychologically-based functional limitation set forth in his opinion." While this reason identified by the district court may be legitimate and supported by substantial evidence, it was not a reason provided by the ALJ. It is improper for a district court to uphold an ALJ's

3

determination based on findings not discussed by an ALJ. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

It is unclear how much weight, if any, should be given to Dr. Schneider's opinion, including because his opinion is ambiguous as to the extent his conclusions were based on Rocha's pain disorder. In light of this ambiguity, and the lack of evidence regarding the symptoms and limitations related to Rocha's pain disorder, we are unable to conclude that the ALJ's error in rejecting Dr. Schneider's opinion was harmless. Accordingly, we remand this case for further administrative proceedings to develop the record with regard to Rocha's pain disorder and for the ALJ to reconsider the appropriate weight, if any, to give Dr. Schneider's opinion.[1] *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014).

We further conclude that the ALJ incorrectly applied a presumption of non-disability because the record clearly shows that Rocha raised new issues that were not considered in her prior application, including pain disorder, increased obesity, and degenerative changes in her hip and hip pain. *See Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995). The ALJ also erred by failing to consider Rocha's diagnosed pain disorder at step two of the five-step sequential evaluation. *See* 20

---

[1] We note that, on remand, the ALJ may need to reconsider other portions of his decision that might be affected both by further development of the record and by affording Dr. Schneider's opinion any appropriate weight.

4

C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  These errors should be corrected

by the ALJ on remand.[2]

**REVERSED AND REMANDED, with instructions.**

---

[2] Rocha also argues that the ALJ erred in assessing the credibility of her symptom testimony.  While we do not reach this issue because Rocha's credibility may have to be reassessed in light of this disposition, we remind the agency that an ALJ must "*specifically identify the testimony* [from a claimant] she or he finds not to be credible and . . . explain what evidence undermines the testimony." *Treichler*, 775 F.3d at 1102 (emphasis added) (quoting *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)).