NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 7 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TYRONE A. LONG, | No. 20-17117 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00334-AC |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Allison Claire, Magistrate Judge, Presiding

Submitted June 17, 2022[**]
San Francisco, California

Before:  BYBEE, CALLAHAN, and COLLINS, Circuit Judges.

Tyrone Long appeals from the district court's order affirming the decision of

the Commissioner of Social Security denying his claim for disability insurance

benefits under the Social Security Act.  We have jurisdiction under 28 U.S.C.

§ 1291 and review de novo the district court's decision affirming the denial of

benefits.  *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* FED. R. APP. P. 34(a)(2)(C).

We may set aside such a denial only when the findings of the Administrative Law Judge ("ALJ") "are based on legal error or not supported by substantial evidence in the record." *Id*. We affirm.

1. Long challenges the ALJ's assignment of "little weight" to the opinion of his treating psychiatrist, Dr. Briercheck. Because Dr. Briercheck was a treating physician whose opinion was contradicted by the state agency psychological consultant, Dr. Foster-Valdez, the ALJ had to provide "specific and legitimate reasons that are supported by substantial evidence" to reject Dr. Briercheck's opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).[1] We conclude that he did.

First, the ALJ noted that the opinion of Dr. Briercheck was not backed up by his own treatment records, which were sparse. "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). There were no mental health records from Dr. Briercheck during the relevant period to support the opinion that Long had certain performance limitations. Dr. Briercheck's opinion was presented in a checkbox form dated July 17, 2017—more than two years since the last mental status

---

[1] The "specific and legitimate" standard applies because Long filed his claim before March 27, 2017. *See* 20 C.F.R. § 404.1527(c); *Woods v. Kijakazi*, 32 F.4th 785, 789 (9th Cir. 2022).

examination performed by Dr. Briercheck.

Second, the ALJ appropriately characterized Dr. Briercheck's evaluation as inconsistent with relatively normal mental examinations from the relevant timeframe. *See Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003) (noting the relevance of such "inconsistencies"). Long reported improvements from 2015 to 2017 and his major depressive disorder was in at least partial remission. Long reported in some mental examinations being capable of driving, going to the grocery store, preparing meals, making change at the store, managing finances, going to the gym four times a week, walking his dog daily, and traveling to Texas and back.

Third, the ALJ permissibly viewed Dr. Briercheck's opinion as giving undue credence to Long's subjective complaints, especially given the repeated references to suspected exaggeration in the medical record. *Bayliss*, 427 F.3d at 1217 (explaining that an ALJ need not accept a doctor's opinion when based on the claimant's own "subjective complaints"). Other examiners found that Long "demonstrated voluntary restriction/moderate exaggeration" and "appeared to manipulate and malinger" his symptoms. We conclude that the ALJ provided specific and legitimate reasons, supported by substantial evidence, for discounting the opinion of Dr. Briercheck.

2. The same standard of providing specific and legitimate reasons,

supported by substantial evidence, applies to the ALJ's decision to discount the contradicted opinion of an examining psychologist, Dr. Chambers. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Most of the reasons for discounting Dr. Briercheck's opinion apply with equal force to Dr. Chambers' opinion. Dr. Chambers did not review any records from after Long's alleged disability onset date. Dr. Chambers' opinion was based almost entirely on Long's own descriptions of his symptoms, which even Dr. Chambers noted were "exaggerat[ed]." The ALJ reasonably concluded that Dr. Chambers' evaluation was inconsistent with the overall medical record, which indicated improvements during the relevant timeframes and relatively normal mental functionality. Therefore, the ALJ did not err in discounting Dr. Chambers' opinion.

3. Lastly, the ALJ permissibly rejected Long's own testimony concerning the severity of his symptoms because the ALJ provided "specific, clear and convincing reasons" for doing so. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The evidence from multiple mental examiners that Long overstated his symptoms provides a clear and convincing reason to discount his testimony. *See Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (explaining that an adverse credibility finding was supported in part by treating physician's skepticism of claimant's reported pain levels). As noted above, more than one examiner determined that Long "exaggerat[ed]" his condition. Moreover, for substantially

4

the same reasons discussed earlier, Long's testimony was inconsistent with the overall medical record.  These grounds provide sufficiently specific, clear and convincing reasons to reject Long's testimony.

**AFFIRMED.**