\*\* The Honorable Marilyn L. Huff, United States District Judge for the Southern District of California, sitting by designation.

future persecution. *See* 8 C.F.R. § 1208.13(b). There was no evidence that petitioner was fired or that petitioner's father's death occurred "on account of . . . religion." 8 U.S.C. § 1101(a)(42)(A). The treatment petitioner's children received at school does not amount to persecution, which is "an extreme concept, marked by the infliction of suffering or harm . . . in a way regarded as offensive." *Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir.2004) (en banc) (ellipsis in original) (internal quotation marks omitted). The IJ therefore properly denied petitioner asylum. Consequently, petitioner is also necessarily ineligible for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

### PETITION DENIED.

## Alba RABADI, Widow of John A. Rabadi, Plaintiff—Appellant,

v.

## Michael J. ASTRUE, Commissioner of the Social Security Administration, Defendant—Appellee.

### No. 06–56700.

United States Court of Appeals, Ninth Circuit.

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted May 9, 2008.*

Filed June 23, 2008.

John Ohanian, Esq., Attorney at Law, Palos Verdes Peninsula, CA, for Plaintiff–Appellant.

Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Defendant–Appellee.

Before: FISHER and PAEZ, Circuit Judges, and LORENZ, District Judge.**

MEMORANDUM ***

Alba Rabadi, the widow of Social Security claimant John A. Rabadi ("Rabadi"), appeals the district court's decision upholding the determination of the administrative law judge ("ALJ") that Rabadi was not entitled to disability insurance benefits under the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand.

Rabadi claimed disability based on low back pain, migraine headaches and depression. Mrs. Rabadi argues that the ALJ erred in (1) finding that neither Rabadi's nor his brother's or Mrs. Rabadi's testimony about the severity of his back pain was credible; (2) rejecting the opinions of his treating physicians; (3) finding that his migraine headaches and depression were not severe impairments; (4) failing to consider the side effects of his medications and all of his impairments in combination in making his residual functional capacity assessment; and (5) finding him capable of performing a slightly limited range of light work, including his past work as an insurance salesman. The Commissioner argues that the ALJ's credibility findings were supported by substantial evidence and free of legal error, and that Rabadi's remaining arguments were precluded from review by the law of the case doctrine.

Rabadi appealed the ALJ's initial nondisability finding to the district court. The district court found that the ALJ failed to adequately address Rabadi's subjective complaints of back pain, and remanded the case to the Commissioner for specific findings regarding the reasons for rejecting Rabadi's claims of debilitating pain. On remand, the ALJ heard additional testimony regarding the severity of Rabadi's pain and considered additional medical evidence pertaining to back pain and depression. The ALJ found both Rabadi's subjective complaints of pain, and the testimony of his wife and brother, not credible and again denied his claim for benefits.

Rabadi again appealed to the district court, which affirmed. Specifically, the district court affirmed the ALJ's credibility finding and declined to consider, based on the law of the case doctrine, any issues Rabadi raised or could have raised in the district court prior to remand. The district court erred, however, to the extent it failed to consider and decide the issues Rabadi raised in his initial appeal, which were not considered and decided at that time. *See Richardson v. United States*, 841 F.2d 993, 996 (9th Cir.1988) (explaining "a court is ordinarily precluded from

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable M. James Lorenz, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

reexamining an issue that was *previously decided* by the same court, or a higher court, in the same case") (emphasis added). The Joint Stipulation of Parties, filed in the district court on July 1, 2004, identifies the issues that were raised before the first remand but not addressed by the district court: (1) whether the ALJ posed a hypothetical question to the vocational expert that included all of Rabadi's impairments; (2) whether the finding that Rabadi's migraine headaches were not a severe impairment was supported by substantial evidence; and (3) whether the ALJ's finding that Rabadi's impairments did not meet or equal a Listing complied with applicable legal standards. We therefore remand this case to the district court for a ruling on these issues.

In our review of the remaining issues, we must consider whether the ALJ's finding was supported by substantial evidence and was free of legal error. *See Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir.2004).

We conclude that the ALJ provided specific and legitimate reasons supported by substantial evidence to reject the opinions of Rabadi's treating physicians. *See Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir.1995).

The ALJ found Rabadi's testimony regarding his debilitating back pain not credible. Upon review of the record, we conclude that the ALJ's reasons for rejecting this testimony are supported by substantial evidence and free of legal error.

The ALJ did not fully credit the testimony of Rabadi's wife and brother regarding the severity of Rabadi's back pain in part for the reasons he stated with regard to Rabadi's testimony and in part on the basis of the familial relationship and potential for financial gain arising from the familial relationship. Where, as here, family members had ample opportunity to observe Rabadi, their testimony about Rabadi's symptoms may not be disregarded solely based on the familial relationship, their potential financial interest or the lack of credibility of Rabadi's self-reporting. *See Dodrill v. Shalala*, 12 F.3d 915, 918–19 (9th Cir.1993). The district court affirmed because the extent of Rabadi's pain as reported by family members was not supported by medical evidence. This reasoning was error, however, because the ALJ's finding was not based on this ground. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir.2003). The error was harmless, however, because the same objective reasons given for rejecting Rabadi's testimony—no muscle wasting, no use of assistive devices, and only occasional visits to a general practitioner—support the decision not to fully credit the family members' testimony. *Cf. Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir.2006).

Last, Rabadi challenges the finding that he had the residual functional capacity to perform light work. This finding was in error because the ALJ failed to take into consideration the side effects of his medication and all of his impairments, whether severe or not, in combination. *See* 20 C.F.R. §§ 404.1545(e), 416.945(e) &; SSR 96–8p; SSR 96–7p. Accordingly, upon remand the ALJ shall also reconsider Rabadi's residual functional capacity assessment.

**REVERSED AND REMANDED.**