**Kevin L. BOARDMAN, Plaintiff–Appellant,**

v.

**M. ASTRUE \*, Defendant–Appellee.**

No. 06–35500.

United States Court of Appeals, Ninth Circuit.

Submitted July 7, 2008.\*\*

Filed July 21, 2008.

---

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James S. Coon, Esq., Sharon Maynard, Swanson Thomas & Coon, Portland, OR, for Plaintiff–Appellant.

Neil J. Evans, Esq., Office of the U.S. Attorney, Portland, OR, Lucille G. Meis, Esq., Johanna Vanderlee, Esq., Michael McGaughran, Esq., Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: PREGERSON and REINHARDT, Circuit Judges, and MARSHALL ***, District Judge.

### MEMORANDUM ****

■ Kevin Boardman appeals the district court's order affirming the final decision of the Commissioner of Social Security that Boardman is not entitled to Social Security Disability Insurance Benefits. The parties are familiar with the facts, which we repeat here only to the extent necessary. We have jurisdiction under 28 U.S.C. § 1291. We review the Commissioner's denial of benefits de novo, *see* *Gillett–Netting v. Barnhart,* 371 F.3d 593, 595 (9th Cir.2004), and reverse.

■ We will affirm the Commissioner's decision if it is supported by substantial evidence. *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is more than a mere scintilla but less than a preponderance." *See Howard ex rel. Wolff v. Barnhart,* 341 F.3d 1006, 1011 (9th Cir.2003) (internal quotation marks omitted).

■ Generally, the administrative law judge ("ALJ") will afford more weight to the opinions of treating medical professionals. 20 C.F.R. § 404.1527(d)(2). An ALJ should "give more weight to opinions from

***

*** The Honorable Consuelo B. Marshall, United States District Judge for the Central District of California, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[a claimant's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective ... that cannot be obtained from ... individual examinations." *Id.*

■ A treating physician's opinion is not necessarily binding. *Batson,* 359 F.3d at 1195. "When confronted with conflicting medical opinions, an ALJ need not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical findings." *Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir.2001). When an ALJ rejects the opinion of the treating physician in favor of a conflicting opinion, however, he must provide "specific and legitimate reasons supported by substantial evidence in the record for so doing." *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1995) (internal quotation marks omitted); *see also Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir.1998).

■ Here, the ALJ provided two reasons for rejecting Dr. Davis's opinion. First, the ALJ stated that because Dr. Davis gave an opinion on Boardman's ability to return to work, an issue reserved to the Commissioner of Social Security, Davis's opinion was not entitled to special significance. Second, the ALJ stated that there is no evidence to support Dr. Davis's opinion that Boardman is disabled. Neither of these statements provides the specific and legitimate reasoning that we require. Furthermore, the ALJ's conclusions are not supported by substantial evidence.

The ALJ is correct that a determination of a claimant's ultimate disability is reserved to the Commissioner, and that a physician's opinion on the matter is not entitled to special significance. 20 C.F.R. § 404.1527(e). However, a treating physi-cian's *medical* opinions are generally given more weight. 20 C.F.R. § 404.1527(d)(2). Medical opinions "reflect judgments about the nature and severity of [a claimant's] impairment(s), including [a claimant's] symptoms, diagnosis and prognosis, what [a claimant] can still do despite impairment(s), and [a claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2).

Here, Dr. Davis clearly expressed a medical opinion. He described Board-man's symptoms, including "moderate to severe" chronic back pain. He gave a prognosis of no foreseeable improvement in Boardman's condition. Dr. Davis also described restrictions on Boardman's activity, such as the likelihood that Board-man would miss more than five days of work per month and require multiple breaks each day. Rather than afford weight to these medical opinions, the ALJ ignored them on the ground that Dr. Davis also expressed an opinion regarding Boardman's ultimate disability and residual functional capacity. While this may be a specific reason to reject a treating physician's medical opinion, it is not a legitimate one.

The ALJ continued to conflate Dr. Davis's medical and non-medical opinions by stating that "there is no evidence of record to support the physician's opinion that the claimant is disabled and unable to work." This statement is irrelevant at best. The regulations clearly state that Dr. Davis's opinion regarding Boardman's ultimate disability are not dispositive. 20 C.F.R. § 404.1527(e)(3). Lack of evidence to support Dr. Davis's conclusion on that score therefore makes little difference.

■ Even if the ALJ intended to refer to Dr. Davis's *medical* opinions, he failed to provide specific and legitimate reasons for rejecting those opinions. The ALJ

must explain his own interpretations, and cannot merely list contrary opinions when stating that a treating physician's opinion is unsupported. *Regennitter v. Comm'r of Soc. Sec. Admin.,* 166 F.3d 1294 (9th Cir. 1999).

Furthermore, a claim that there was "no evidence" to support Dr. Davis's medical opinions would not be supported by substantial evidence. To the contrary, there is evidence, including extensive documentation of Boardman's discussions with Dr. Davis, prescription records, and electrodiagnostic testing results, to support Dr. Davis's medical conclusions. The ALJ implicitly criticized Dr. Davis's reports by describing the elements of acceptable medical evidence (albeit in the context of yet more conflated discussion of *non*-medical opinions). The reports, however, include precisely the type of medical evidence, such as treatment and response histories, prognoses, and clinical findings (including the results of mental status examinations) that the ALJ suggested were lacking. *See* 20 C.F.R. § 404.1513(b). *Cf. Tonapetyan,* 242 F.3d at 1149 (holding that ALJ properly rejected examining physician's opinion on the grounds that it was premised only on claimant's subjective complaints, the ALJ discounted claimant's credibility, and the record supported the ALJ's credibility finding).

█ The parties agree that we have the discretion to credit Dr. Davis's medical opinion as true on remand. *See Connett v. Barnhart,* 340 F.3d 871, 876 (9th Cir.2003). We generally credit improperly rejected evidence as true when there are no outstanding issues to be resolved and it is clear that the ALJ would be required to find the claimant disabled once the rejected evidence is taken into account. *Smolen*

*v. Chater,* 80 F.3d 1273, 1292 (9th Cir. 1996). Here, Dr. Davis's medical opinion established that Boardman would require frequent breaks and be absent from work five days per month. The vocational expert testified that, under such limitations, Boardman would be unable to do any job. We therefore credit Dr. Davis's opinion as true and find that the record compels a finding that Boardman is disabled.

Accordingly, we **REVERSE** with instructions to the district court to **REMAND** this case to the Commissioner of Social Security for payment of benefits.