FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 30 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARK E. DELEO,

        Plaintiff - Appellant,

  v.

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,

        Defendant - Appellee.

No. 08-17763

D.C. No. CV-07-2444-PHX-GMS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted March 12, 2010
San Francisco, California

Before: HUG and BYBEE, Circuit Judges, and GWIN,[**] District Judge.

    Appellant Mark E. Deleo appeals the district court's remand of his social

security benefits application to the Commissioner for further administrative

proceedings. The district court found that the administrative law judge improperly

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

rejected assessments of Deleo's limitations by two treating and one examining physician and a vocational expert that Deleo could not perform any jobs. That evidence, if credited as true, would require the ALJ to find Deleo disabled without any further proceedings. *See* 20 C.F.R. § 404.1520. The statements of the non-examining physician and the ALJ's questions about Deleo's travel and volunteer work would not be sufficient to discredit the findings of the treating and examining physicians and the vocational expert.

We hold that under our circuit's "credit-as-true" rule, it was reversible error for the district court to remand for further proceedings rather than for computation of benefits. *See, e.g.*, *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1401 (9th Cir. 1988) ("*Varney II*") ("In cases where there are no outstanding issues that must be resolved before a proper disability determination can be made, and where it is clear from the administrative record that the ALJ would be required to award benefits if the [improperly rejected evidence] were credited, we will not remand solely to allow the ALJ to make specific findings regarding that [evidence]. Rather, we will . . . take that [evidence] to be established as true."). Accordingly, we reverse the district court's order and remand the case with instructions to remand to the Commissioner for award of benefits.

The Commissioner does not challenge the district court's finding that the record did not contain substantial evidence to support the ALJ's rejection of the assessments of Deleo's treating and examining physicians about Deleo's limitations. Nor does the Commissioner dispute the vocational expert's testimony that Deleo's limitations would render a person unable to perform any job.

Rather, the Commissioner argues only that the credit-as-true rule is discretionary in this circuit. *See, e.g.*, *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) ("[W]e are not convinced that the 'crediting as true' doctrine is mandatory in the Ninth Circuit. Despite the seemingly compulsory language in [several cases], there are other Ninth Circuit cases in which we have remanded solely to allow an ALJ to make specific credibility findings."). But even under the line of cases holding that the credit-as-true rule is discretionary, it is an abuse of discretion to remand for further proceedings where—as here—no further proceedings are necessary to make a disability determination and it is clear from the record that the claimant is entitled to benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 596 (9th Cir. 2004).

REVERSED AND REMANDED WITH INSTRUCTIONS TO REMAND TO THE COMMISSIONER FOR AN AWARD OF BENEFITS.