FILED

OCT 18 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| LISE PETRAUSKAS, | No. 09-35794 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00771-MA |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, District Judge, Presiding

Argued and Submitted October 7, 2010
Portland, Oregon

Before: TASHIMA, PAEZ and CLIFTON, Circuit Judges.

Lise Petrauskas ("Petrauskas") appeals from the district court's affirmance

of the final decision by the Commissioner of Social Security denying Petrauskas's

application for disability insurance benefits under Title II of the Social Security

Act. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we review de novo the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

district court's decision upholding the denial of benefits. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). We affirm.

First, the ALJ provided "specific, cogent reasons" for discounting Petrauskas's subjective complaints of pain and other symptoms. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). The ALJ discussed thoroughly the medical and other documentary evidence in the record and noted contradictions between Petrauskas's testimony regarding her daily life activities and the statements of Petrauskas's husband. This evidence is sufficient to support the ALJ's determination that Petrauskas's subjective reporting was not entirely credible. *See Bray*, 554 F.3d at 1227 ("In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors.").

Second, substantial evidence supports the ALJ's determination that Petrauskas retains the residual functional capacity to do a limited range of light work. The ALJ provided "specific and legitimate reasons," supported by substantial evidence, for rejecting Dr. Bell's controverted opinion that Petrauskas is completely disabled. *id*. at 1228.

Although Dr. Bell treated Petrauskas on a number of occasions, the ALJ noted that Dr. Bell's assessment was inconsistent with the neurological findings

from his own examinations. *See Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003) (holding that an ALJ may reject a treating physician's opinion regarding the claimant's limitations when the limitations are not supported by his own office notes). Moreover, the ALJ noted that Dr. Bell's opinion was controverted by Dr. Miller, who did not believe that Petrauskas was disabled and encouraged her to exercise by walking and swimming.

Third, Petrauskas contends that the ALJ erred in discrediting her husband's testimony, describing her severe pain and limited ability to function in a work setting. The ALJ provided germane reasons for giving this lay witness testimony limited weight, noting inconsistencies in Petrauskas's husband's statements regarding his wife's level of functioning. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Further, the ALJ noted medical evidence and other documentary evidence, including treatment notes that described Petrauskas's daily activities, and determined that her husband's statements conflicted with the medical evidence. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence."). The ALJ did not err in discrediting Petrauskas's husband's testimony.

Fourth, substantial evidence supports the ALJ's residual functional capacity ("RFC") determination. The ALJ properly based his RFC determination on

3

Petrauskas's limitations that were supported by objective medical evidence. In assessing Petrauskas's RFC, the ALJ did not rely on Petrauskas's subjective complaints, which were not entirely credible. *See Bayliss*, 427 F.3d at 1217 (finding RFC determination proper where "the ALJ took into account those limitations for which there was record support that did not depend on [the claimant's] subjective complaints" lacking credibility). The ALJ properly assessed Petrauskas's standing limitations and adopted the opinion of vocational experts Dirkse and Beckman that Petrauskas was essentially limited to performing simple, routine and repetitive tasks. *See id.*

Finally, Petrauskas's challenge to the ALJ's rejection of her vocational evaluation also fails. The ALJ properly discredited the findings of the vocational evaluation in light of the testimony of Dr. McDevitt, who reported that the evaluation was primarily based on the self-reporting of Petrauskas. Moreover, as vocational experts, Dirkse and Beckman did not have the expertise to provide a medical opinion as to the severity of Petrauskas's impairments. "Lay testimony as to a claimant's symptoms is competent evidence which the Secretary must take into account . . . [but] medical diagnoses are beyond the competence of lay witnesses and therefore do not constitute competent evidence." *Nguyen v. Chater*,

100 F.3d 1462, 1467 (9th Cir. 1996), discussing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) (emphasis omitted).

**AFFIRMED**.