PAEZ, Circuit Judge,
concurring in part and dissenting in part.
I concur in the majority’s conclusion that the ALJ’s decision to discredit Parent’s testimony is supported by substantial evidence. I disagree, however, with the majority’s determination that the ALJ did not err in rejecting Dr. Forney-Gorman’s opinion.
A treating physician’s opinion is entitled to special weight because a treating physician “is employed to cure and has a greater opportunity to know and observe the patient as an individual.” Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir.1995) (quoting Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989)). Thus, to reject a treating physician’s opinion, an ALJ must “ ‘make[ ] findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.’ ” Valentine v. Comm’r Soc. Sec. Admin., 574 F.3d 685, 692 (2009) (quoting Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir.2002)). An ALJ can only meet this burden “by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [his] interpretation thereof, and making findings.” Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir.2008) (quoting Magallanes, 881 F.2d at 751).
Although the district court and majority provide their own reasons for setting aside Parent’s treating physician’s opinion, the ALJ did not. I am also not persuaded by the majority’s attempt to distinguish between rejecting a treating physician’s “medical findings and diagnosis” and rejecting a treating physician’s opinion with respect to a patient’s inability to work. Mem. at 9. Such a distinction is unfounded in reason and this court’s case law. A physician’s opinion with respect to a patient’s inability to work is, of course, a medical finding. Indeed, it is ordinarily the relevant medical finding for purposes of disability claims. See Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir.1988) (holding that the ALJ’s rejection of the treating physicians’ “opinions of total disability” was not supported by substantial evidence). Because the ALJ failed to *610 meet his burden, I would reverse and remand.
The sole explanation the ALJ gave for disregarding the opinion of Dr. Forney-Gorman, Parent’s treating physician, was cursory at best: “[H]aving compared Dr. Forney-Gorman’s treatment notes with her [assessment in the disability medical questionnaire], the undersigned does not find support for the degree of limitations and frequency of rest breaks and absences identified.” We have rejected such vague and eonclusory explanations as insufficient to meet the “specific, legitimate reasons” standard. In Embrey, we confronted a similarly vague finding by the ALJ: “The opinions of total disability tended [sic] in the record are unsupported by sufficient objective findings and contrary to the preponderant conclusions mandated by those objective findings.” 849 F.2d at 421. We explained:
To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors’ are correct.
Id. at 421-22; see also Vasquez v. Astrue, 572 F.3d 586, 592 (9th Cir.2009).
The ALJ’s decision in this case suffers from the same fatal flaw of lack of specificity. It was not enough for the ALJ merely to say that Dr. Forney-Gorman’s opinion is not supported by her progress notes without more. He must set forth his interpretations of the doctor’s notes and explain why they are insufficient to support her medical conclusions regarding Parent’s inability to work. This is critical here because, in the twenty pages or so of treatment notes that are in the record, nothing glaringly conflicts with Dr. For-ney-Gorman’s opinions. In fact, many of the notes reflect chronic pain and sleep deprivation that “significantly limit[ Parent] during the day.”
The “ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, eonclusory, and inadequately supported by clinical findings.” Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir.2002). But the ALJ must state that the medical opinion’s brevity or lack of support is the reason for his decision and explain his reasoning with specificity. Such specific reasoning is entirely lacking in the ALJ’s decision here. Instead, the ALJ’s decision leaves this court with the unacceptable task of speculating about what may have motivated his decision to disregard the treating physician’s medical opinion. The “specific, legitimate reasons” standard was adopted precisely because an appellate court cannot engage in such speculation when determining whether an ALJ’s decision is supported by substantial evidence. Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir.1991) (en banc) (“As we have previously recognized, a reviewing court should not be forced to speculate as to the grounds for an adjudicator’s rejection of a claimant’s allegations of disabling pain.”); see also Robbins v. Soc. Sec. Admin., 466 F.3d 880, 884 n. 2 (9th Cir.2006) (“Indeed, with no reference to the record in this part of the decision, we are left to guess what testimony the ALJ was considering and why he thought it undermined Robbins’s credibility.... Our review of the record on this issue ... is beside the point. See SEC v. Chenery Corp., 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947) (emphasizing the ‘fundamental rule of administrative lav^ that ‘a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, *611 must judge the propriety of such action solely by the grounds invoked by the agency’); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir.2003) (‘We are constrained to review the reasons the ALJ asserts.’).”).
Despite the foregoing, the district court’s ruling and the majority’s judgment affirm the ALJ’s decision by providing an independent analysis of Dr. Forney-Gor-man’s treatment notes. Thus, the district court and majority, relying on the district court’s analysis, provide their own “specific, legitimate reasons” for disregarding Dr. Forney-Gorman’s medical opinion. The district court notes that there were “relatively few progress notes” based on the number of years Dr. Forney-Gorman provided treatment; that they did not contain “much in the way of specific clinical findings”; and that some were inconsistent with extreme limitations, such as an October 2009 note that Parent was “in no acute distress, oriented, displayed an appropriate mood and affect, good judgment, and good insight.” The district court also noted that Dr. Forney-Gorman failed to bolster her opinion with specific clinical findings.
If the ALJ had provided any of these reasons in his decision, his determination to disregard the doctor’s opinion might very well pass muster under the specific and legitimate reasons test. It is nonetheless worth noting that in the same October 2009 note the district court references, Dr. Forney-Gorman indicated that Parent was experiencing worsening shortness of breath and dry cough; flaring COPD symptoms and hip pain; pain uncontrolled by his prescription for Lortab; limited range of motion secondary to pain; and diminished strength secondary to pain. These notes support a finding of significant disability. These differing interpretations of that single note demonstrate why it was conjecture for the district court to
opine as to why the ALJ found that the notes did not support Dr. Forney-Gor-man’s medical conclusions. We cannot — nor may the district court— provide ad hoc reasons for disregarding a treating physician’s opinion where the ALJ provides none. Nor can an ALJ meet his burden of providing specific, legitimate reasons for rejecting a treating physician’s opinion by simply referring “everyone” to the doctor’s treatment notes without any reasoning. Mem. at 10. I would reverse and remand to the Commissioner because the ALJ, in developing his residual functional capacity determination provided no specific reasons of his own for disregarding Dr. Forney-Gorman’s opinion. Because I would reverse and remand on this issue, I would also remand the related issue of whether the hypothetical questions posed to the vocational expert were legally correct.