**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONALD BLODGETT, | No. 12-35252 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-01177-CL |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Submitted July 10, 2013[**]
Portland, Oregon

Before: PREGERSON, MURGUIA, and CHRISTEN, Circuit Judges.

Donald Blodgett appeals from the district court's judgment affirming a

determination by the administrative law judge ("ALJ") that Blodgett is not disabled

and is therefore ineligible for Social Security disability and Supplemental Security

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Income benefits.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo a district court's decision upholding the ALJ's denial of disability benefits. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).  "The Secretary's decision to deny benefits will be disturbed only if it is not supported by substantial evidence or it is based on legal error."[1]  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (internal quotation marks omitted).  We affirm.

First, the ALJ reasonably discredited Blodgett's testimony, finding that his statements concerning the intensity, persistence, and limiting effects of his symptoms were inconsistent with his treatment record.  His record indicated that Blodgett experienced minimal or no side effects from his anti-human immunodeficiency virus medications, was social and had no difficulty getting along with other people, was independent and capable of performing routine daily tasks, and did not withdraw from a part-time degree program due to any anxiety-related issues.  The ALJ provided clear and convincing reasons, supported by

---

[1]  We review the administrative record as a whole, weighing both the evidence that supports and detracts from the ALJ's determination. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).  Substantial evidence constitutes "relevant evidence which a reasonable person might accept as adequate to support a conclusion," *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998), and means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted), but "less than a preponderance," *Desrosiers v. Sec'y of HHS*, 846 F.2d 573, 576 (9th Cir. 1988) (internal quotation marks omitted).

substantial evidence, for rendering an adverse credibility determination with regard to Blodgett's testimony.[2] *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

The ALJ may consider evidence from "other sources," including certain medical and non-medical sources. 20 C.F.R. § 404.1513(d). Opinions from "other sources" can be accorded "less weight than opinions from acceptable medical sources." *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). An ALJ may discount lay testimony that "conflicts with medical evidence," *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001), but must give specific reasons germane to each witness for discounting that testimony, *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

Here, the ALJ properly accorded little weight to the "other source[]" opinions of Anna Anderson, a licensed professional counselor, Marilyn Smith, a nurse practitioner, and Blodgett's sister, concluding that their assessments were not consistent with Blodgett's treatment record. Substantial evidence supports the

---

[2] We reject Blodgett's argument that the district court committed reversible error by citing inconsistencies not relied upon by the ALJ to reject Blodgett's testimony. Although we must reverse the district court where it affirms an ALJ's credibility decision based upon evidence not discussed by the ALJ, *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003), the district court here affirmed the ALJ's decision for the reasons addressed by the ALJ.

ALJ's determination. Anderson's and Smith's opinions that Blodgett's mental impairments prevent him from leaving his home and being punctual conflicted with acceptable medical source observations that Blodgett displayed normal mood, affect, judgment, memory, attention, and concentration.[3] Similarly, the written testimony furnished by Blodgett's sister lacked support in Blodgett's treatment notes, which the ALJ explained showed that Blodgett did not experience adverse reactions to his medications, difficulties interacting with people, an inability to engage in and complete daily activities, frequent and debilitating anxiety attacks, and a medical need to take frequent naps. Even if there are some consistencies between Blodgett's treatment record and the evidence presented by these "other sources" such that the evidence is susceptible to more than one rational interpretation, we must still uphold the ALJ's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). We also reject Blodgett's argument that the district court improperly engaged in post-hoc rationalizations for the same reasons enumerated above. *See supra* note 2.

---

[3] Smith's own treatment notes, which repeatedly indicated that Blodgett was punctual, rarely missed doses of his medications, and engaged in activities such as walking and gardening outside his home, further undermine her assessment of the nature and severity of Blodgett's impairments.

Finally, when a claimant shows that he cannot return to his previous work, the burden of proof shifts to the Secretary to show that the claimant can perform other types of work that exist in the national economy. *Magallanes*, 881 F.2d at 756; *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). "Without other reliable evidence of a claimant's ability to perform specific jobs, the Secretary must use a vocational expert to meet that burden." *Embrey*, 849 F.2d at 422. When an ALJ poses hypothetical questions to a vocational expert, those questions "must set out *all* the limitations and restrictions of the particular claimant." *Id.*

Here, the ALJ posed a hypothetical question to the vocational expert that adequately reflected Blodgett's residual functional capacity as assessed by his examining physician. In fact, the hypothetical included greater restrictions than those identified by Blodgett's physician. Blodgett's contention that the ALJ committed reversible error by posing a hypothetical that failed to incorporate the assessments of Anderson, Smith, and Blodgett's sister is unavailing because, as explained above, the ALJ appropriately discounted those opinions. It is "proper for an ALJ to limit a hypothetical to those impairments that are supported by substantial evidence in the record." *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001); *accord Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (providing that an ALJ need not incorporate into a vocational

5

hypothetical discounted opinion evidence). Although the ALJ erroneously attributed to Blodgett an ability to stand for six, rather than four, hours, Blodgett has not met his burden of demonstrating that such an error was harmful. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009). That error was harmless because it was accounted for by the vocational expert, who opined that there existed numerous positions that Blodgett could perform. *See Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012) (stating that "we will not reverse for errors that are 'inconsequential to the ultimate nondisability determination'").

**AFFIRMED.**