**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEREMY SCOTT RICHIE, | No. 12-16351 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01583-NVW |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

On Appeal from United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted March 12, 2014[**]
San Francisco, California

Before: McKEOWN and GOULD, Circuit Judges, and QUIST, Senior District
Judge.[***]

Jeremy Scott Richie appeals the district court's judgment affirming the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Gordon J. Quist, Senior District Judge for the U.S.
District Court for the Western District of Michigan, sitting by designation.

1

Commissioner of Social Security's denial of disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–33, 1381–1383f. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's decision in a social security case. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). We uphold a Social Security Administration decision "unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

Substantial evidence supports the Administrative Law Judge's ("ALJ") determination that Richie was not disabled. The ALJ provided specific and legitimate reasons for discrediting portions of Dr. Fairfax's medical assessment as Richie's treating physician. *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). No objective medical evidence in the record supported Dr. Fairfax's assertion that Richie must change position every one to two hours. *See Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (stating that an ALJ is not required to accept any medical opinion that is "brief, conclusory, and inadequately supported by" the record) (internal quotation marks omitted). The record supports the ALJ's finding that Dr. Fairfax's opinion on limited lifting and

2

carrying capabilities and use of hands is inconsistent with the objective medical evidence. Dr. Fairfax's own treatment notes and records of Richie's current mental health provider also fail to substantiate Dr. Fairfax's view that Richie's pain affects his concentration and attention. *See Connett v. Barnhart*, 340 F.3d 871, 874–75 (9th Cir. 2003). The ALJ provided a detailed summary of the facts and conflicting evidence that is based on substantial evidence in the record. *See id.*; *Magallanes*, 881 F.2d at 751.

Substantial evidence also supports that the ALJ provided clear and convincing reasons for discrediting Richie's subjective symptom testimony. *See Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 693 (9th Cir. 2009). The record indicates that Richie had full range of motion in his wrists and that he only had some difficulty performing certain daily tasks, which is inconsistent with Richie's testimony. *See, e.g.*, *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995). The ALJ also found that Richie's daily activities contradicted his testimony regarding the severity and limiting nature of his symptoms. *See, e.g.*, *Molina v. Astrue*, 674 F.3d 1104, 1112–13 (9th Cir. 2012). In addition, Richie's sporadic treatment history for his pain and his failure to consistently complain about extreme fatigue to his physicians casts doubt on the credibility of Richie's subjective symptom testimony. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

3

The ALJ did not err in determining Richie's residual functional capacity. The ALJ provided a narrative description of how the evidence supports each conclusion in the residual functional capacity assessment and explained any inconsistences or ambiguities in the evidence. *See* SSR 96-8p, 1996 WL 374184 (July 2, 1996). The ALJ provided reasons for his disagreement with portions of the medical opinion evidence. The ALJ incorporated those medical assessments that he found credible, including the postural limitations that Dr. Fairfax assessed based on Richie's knee problems. Despite Richie's argument to the contrary, the ALJ's assessment finds substantial support in the medical opinion evidence.

**AFFIRMED.**