**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

HAROUTYUN KARABAJAKYAN,

        Plaintiff-Appellant,

  v.

NANCY A. BERRYHILL, Acting
Commissioner of the Social Security
Administration,

        Defendant-Appellee.

</td><td>

No.   15-55242

D.C. No.
2:14-cv-01024-SJO-AN

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted October 18, 2017 [**]

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Haroutyun Karabajakyan appeals pro se the district court's decision

affirming the Commissioner of Social Security's denial of Karabajakyan's

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and affirm.

Karabajakyan contends that the administrative law judge ("ALJ") erred in rejecting his testimony about his symptoms and limitations. We disagree. The ALJ provided two, specific, clear and convincing reasons for finding Karabajakyan's symptom testimony less than fully credible: (1) the considerable gaps in his cardiac treatment; and (2) his failure to follow medical advice, including his refusal to undergo recommended testing and treatment. *See Fair v. Bowen*, 885 F.2d 597, 603–04 (9th Cir. 1989) (explaining that "unexplained, or inadequately explained" failure to seek treatment and failure to follow a prescribed course of treatment can constitute clear and convincing reasons for discounting a claimant's credibility regarding his or her symptoms). The record reflects a nearly seven-year gap between Karabajakyan's 2004 visit to one cardiologist and his next visit to another cardiologist in 2011. Even if Karabajakyan had limited funds and no medical insurance, the ALJ permissibly concluded that Karabajakyan's ability to seek and obtain low-cost medical care during the relevant period supports a reasonable inference that he could have obtained some cardiac care had his symptoms from his heart condition been as disabling as he reported. *See Orn v.*

2

*Astrue*, 495 F.3d 625, 638 (9th Cir. 2007); *see also Fair*, 885 F.2d at 603 ("While there are any number of good reasons for not [seeking treatment], a claimant's failure to assert one, or a finding by the ALJ that the proffered reason is not believable, can cast doubt on the sincerity of the claimant's pain testimony.") (internal citations omitted); *see also Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1464 (9th Cir. 1995) (noting that the ALJ properly discounted claimant's assertion "that lack of money prevented her from seeking help for ongoing problems, because she sought appropriate medical care from a [doctor] for other medical symptoms . . . during the intervening years"). Karabajakyan's argument that, because he completed medical training in Armenia, he does not need to "run to a doctor with every pain or discomfort," does not explain the long gap in treatment for what he alleges is a disabling cardiac condition.

Finally, the record contains no medical records to substantiate Karabajakyan's claim that he was seen by cardiologists while in Armenia in 2008, nor would one month of treatment in Armenia undermine the ALJ's reasoning about the considerable gaps in seeking cardiac treatment. As a result, any error in the ALJ's third reason—Karabajakyan's continued smoking against medical advice—was harmless because the ALJ's specific findings regarding Karabajakyan's refusal to seek regular cardiac care and to submit to the testing and

3

treatment recommended by his treating physicians were clear and convincing reasons. *See Bray v. Astrue*, 554 F.3d 1219, 1227 (9th Cir. 2009) (affirming an adverse credibility determination that rested in part on the fact that the claimant failed to quit smoking because the ALJ provided other independent bases for discounting the claimant's testimony).

Karabajakyan contends that the ALJ improperly gave little weight to the opinion of his treating physician, Manvel M. Mazmanyan, M.D., which was recorded on a physical Residual Functional Capacity ("RFC") Assessment form completed in January 2012. We disagree. The ALJ provided a specific and legitimate reason for giving little weight to Dr. Mazmanyan's opinion: his statement was not supported by the sparse medical record, and it lacks objective medical evidence for the limitations he imposed. Neither the RFC Assessment form nor Dr. Mazmanyan's earlier treatment notes provide any information about how Karabajakyan's diagnoses translate into the specific and severe limitations detailed in the RFC Assessment, e.g., leg elevation and frequency of required breaks. *See Connett v. Barnhart*, 340 F.3d 871, 874–75 (9th Cir. 2003) (holding that the ALJ did not err in rejecting the controverted opinion of a treating physician whose restrictive functional assessment was not supported by treatment notes); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept

4

the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

We also disagree with Karabajakyan's contention that the ALJ should have granted his request for a pre-hearing on the record ("OTR") decision on the basis of record evidence demonstrating that he met Listing 4.02A1 and B1 for cardiac impairments ("the cardiac listing"). The long gaps in Karabajakyan's cardiac treatment, coupled with his refusal to comply with his doctors' advice and recommendations, support the ALJ's determination that Karabajakyan failed to satisfy Listing 4.02's introductory requirement that a claimant present evidence of chronic heart failure "while on a regimen of prescribed treatment." 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 4.02. As a result of failing to show that the listing's introductory requirement was met, Karabajakyan failed to establish that he was entitled to a favorable finding at Step 3. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999) ("To *meet* a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim."). Because Karabajakyan failed to establish that he met essential requirements for Listing 4.02 at the time of his hearing, the ALJ did not err by failing to issue an OTR decision prior to the hearing date. *See Curry v. Sullivan*, 925 F.2d 1127,

5

1131 (9th Cir. 1991) (applying harmless error rule to review of administrative decisions regarding disability).

Karabajakyan also contends that the ALJ failed to include all of his limitations in the RFC assessment and the hypothetical questions posed to the vocational expert ("VE"), and that, as a result, the ALJ's Step 5 determination is incorrect. We disagree. The ALJ gave clear and convincing reasons for discounting Karabajakyan's symptom testimony and specific and legitimate reasons for giving limited weight to Dr. Mazmanyan's opinion that Karabajakyan's limitations exceeded those set out in the RFC. For this reason, the ALJ did not need to incorporate those limitations in the RFC finding or in the hypothetical questions posed to the VE. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Osenbrock v. Apfel*, 240 F.3d 1157, 1163 (9th Cir. 2001). Moreover, because the functional limitations identified by the ALJ in the RFC for light work were supported by the medical evidence the ALJ credited, and because the record contains no medical evidence supporting Karabajakyan's assertion that the ALJ erred by not incorporating limitations related to his suffering from hemorrhoids, the ALJ's Step 5 determination is supported by substantial evidence. *See Magallanes v. Bowen*, 881 F.2d 747, 756–57 (9th Cir. 1989).

6

Finally, Karabajakyan's contentions that the ALJ was biased against him, and that the Appeals Council erred in denying his request for review, lack merit. The record does not support his allegations that the ALJ's behavior reflected a clear inability to render fair judgment. The presumption of impartiality was not rebutted. *Rollins v. Massanari*, 261 F.3d 853, 857–58 (9th Cir. 2001). Additionally, this court lacks jurisdiction to review the Appeals Council's denial of a request for review, which is a non-final agency action. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).

**AFFIRMED.**